ORIGINAL

FILED
NOV 2 2 2006
U.S. COURT OF FEDERAL CLAIMS

**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

06-789 C

CARRIER ARMS APARTMENTS, LTD., )
FIRST BROOKWOOD, LTD., )
FIRST PARKWOOD LIMITED )
PARTNERSHIP, )
FIRST VILLAGE WEST LIMITED )
PARTNERSHIP, )
HIGH HOUSE VILLAGE )
APARTMENTS, LTD., )
SKYLINE FOX HOLLOW JOINT )
VENTURE, )
SOUTH PARK APARTMENTS, LTD., )
SOUTHSIDE VILLAGE )
APARTMENTS, LTD., )
THE VILLAGES, LTD., )
UNIVERSITY GARDENS )
APARTMENTS, LTD., )
BROADWAY APARTMENTS, )
CALIFORNIA PROPERTIES-LEISURE )
LIFE, CALIFORNIA )
PROPERTIES-VILLAGES, )
CALIFORNIA PROPERTIES-AGUILAR, )
CALIFORNIA PROPERTIES-GARDENS, )
EL CAPITAN APARTMENTS, LTD., )
GARLAND GARDENS, LTD., )
LEIGH ANN APARTMENTS, LTD., )
ROLLING MEADOWS, LTD., )
WALNUT MANOR LTD., )
5000 SOUTH HAMPTON TERRACE, )
HENDERSON INC., )
VACAVILLE PARK APARTMENTS, )
AMERICAN RIVER LIMITED )
PARTNERSHIP, )
ASPEN MANOR, LIMITED )
PARTNERSHIP, BEAR MOUNTAIN )
VILLAGE, LIMITED PARTNERSHIP, )
CAMELOT NORTH COMPANY, )
CAMELOT SOUTH COMPANY, )
CANYON APARTMENTS COMPANY, )
CASCADE TERRACE )
LIMITED PARTNERSHIP, )
COTTONWOOD MANOR COMPANY, )
ELLENDALE ARMS APARTMENTS, )
ESCONDIDO PARK APARTMENTS, )

FOOTHILL GARDENS )
LIMITED PARTNERSHIP, )
HOLLISTER PLAZA, LIMITED, )
IMPERIAL VILLA APARTMENTS, )
LA VERNE TERRACE )
LIMITED PARTNERSHIP, )
LAUREL CANYON TERRACE, )
MEYLER PARK APARTMENTS, )
MILLER AVENUE APARTMENTS, )
NAPA PARK, LTD., )
ONTARIO TOWNHOUSES, )
PALMDALIA LIMITED PARTNERSHIP, )
QUEEN ANN INVESTMENT COMPANY,)
ROSE GARDENS HOUSING )
LIMITED PARTNERSHIP, )
SANTA CLARA TERRACE COMPANY, )
TEMPE APARTMENTS, )
LIMITED PARTNERSHIP, )
TEMPE GARDEN I, )
TRASK LIMITED PARTNERSHIP, )
VERNAL HOUSING )
LIMITED PARTNERSHIP, )
VILLA CAPRI LIMITED PARTNERSHIP, )
WEST ARMS LIMITED PARTNERSHIP, )
KPKA GREENLAKES CO., )
CHURCHLAND SQUARE )
APARTMENTS, DUNDALE SQUARE, )
HARPERS SQUARE APARTMENTS, )
JOHN KNOX, LAKE VILLAGE, )
SECOND LAKE VILLAGE, )
BAYSIDE VILLAGE APARTMENTS, )
BULLOCKS POINT ASSOCIATES, )
EAST GREEN HILLS )
APARTMENTS, LTD., )
HARBORVIEW TOWERS ASSOCIATES, )
MAYFLOWER VILLAGE ASSOCIATES, )
ROLLING GREEN ASSOCIATES, )
DUARTE MANOR ASSOCIATES, )
ESTATE OF DANIEL E. FOLEY, )
GREENWOOD GARDENS ASSOCIATES,)
HAPPY VALLEY VILLA, )
HOLLYWOOD EAST )
APARTMENTS, LTD., HOUSTON )
HOMES #1 LTD., L.A. PRO III )
APARTMENTS, L.A. PRO VII )
APARTMENTS, LTD., L.A. PRO XXXII )

| | | |
|---|---|---|
| APARTMENTS LTD., MID CITY<br>APARTMENTS LTD., MIDTOWN<br>APARTMENTS LTD., NELD NORTH<br>APARTMENTS LTD., REALTY<br>PARTNERS PROP. LTD.,<br>REALTY PARTNERS PROP. LTD.,<br>SHERIDAN EAST VILLA,<br>SHERIDAN MANOR,<br>SHERIDAN SOUTH VILLA,<br>SHERIDAN WEST VILLA,<br>TURNER INVESTMENT LTD.,<br>WESTSIDE APARTMENTS LTD.<br><br>Plaintiffs,<br><br>v.<br><br>UNITED STATES,<br><br>Defendant. | ) | No. ________________<br><br>Judge ________________ |

**COMPLAINT FOR JUST COMPENSATION**

This is an action to recover just compensation under the Fifth Amendment for the taking of Plaintiffs' private property under the authority of the Emergency Low Income Housing Preservation Act of 1987 (ELIHPA) and Low-Income Housing Preservation and Resident Homeownership Act of 1990 (LIHPRHA). Specifically, Defendant's enactment and regulatory enforcement of these statutes deprived Plaintiffs of various property rights, including but not limited to: Plaintiffs' contractual rights to prepay their mortgage loans after twenty years and exit the HUD low-rent housing program, Plaintiffs' rights to freely offer their properties for rent to the public at market rates, Plaintiffs' rights to sell and convey their properties to the public at the market price, Plaintiffs' rights to mortgage or encumber their properties, and Plaintiffs' rights to use, occupy and to exclude others from their properties. These claims, which were not earlier

ripe for adjudication (*see Greenbrier v. United States*, 193 F.3d 1348 (Fed. Cir. 1999)), have since ripened and are now appropriate for adjudication by this Court.

**PARTIES**

1. Plaintiff Carrier Arms Apartments, Ltd. is a Texas limited partnership with its principal place of business at 3605 Inwood Road, Dallas, Texas 75209. Plaintiff is the owner of a 123 unit housing project, designated as FHA no. 112-55017, commonly known as "Carrier Arms Apartments" located at 531 S.E. 8th Street, Grand Prairie, Texas 75051.

2. Plaintiff First Brookwood, Ltd. is an Oklahoma limited partnership with its principal place of business at 3605 Inwood Road, Dallas, Texas 75209. Plaintiff is the owner of a 100 unit housing project, designated as FHA no. 118-44102, commonly known as "Brookwood Apartments" located at 1311 Ash Place, Owasso, Oklahoma 74055.

3. Plaintiff First Parkwood Limited Partnership is an Oklahoma limited partnership with its principal place of business at 3605 Inwood Road, Dallas, Texas 75209. Plaintiff is the owner of a 100 unit housing project, designated as FHA no. 118-44096, commonly known as "Parkwood Apartments" located at 600 South Main Court, Bixby, Oklahoma 74008.

4. Plaintiff First Village West Limited Partnership is an Oklahoma limited partnership with its principal place of business at 3605 Inwood Road, Dallas, Texas 75209. Plaintiff is the owner of an 80 unit housing project, designated as FHA no. 118-44040, commonly known as "Village West Apartments" located at 404 South Adams Lane, Sallisaw, Oklahoma 74955.

5. Plaintiff High House Village Apartments, Ltd. is a Tennessee limited partnership with its principal place of business at 3605 Inwood Road, Dallas, Texas 75209. Plaintiff is the

owner of a 48 unit housing project, designated as FHA no. 086-44049, commonly known as "High House Apartments" located at 105 Jones Creek Road, Dickson, Tennessee 37055.

6. Plaintiff Skyline Fox Hollow Joint Venture is a Texas joint venture with its principal place of business at 3605 Inwood Road, Dallas, Texas 75209. Plaintiff is the owner of an 86 unit housing project, designated as FHA no. 112-55062, commonly known as "Fox Hollow Apartments" located at 1008 S.E. 8th Street, Grand Prairie, Texas 75051.

7. Plaintiff South Park Apartments, Ltd. is a Texas limited partnership with its principal place of business at 3605 Inwood Road, Dallas, Texas 75209. Plaintiff is the owner of a 150 unit housing project, designated as FHA no. 112-35026, commonly known as "South Park Apartments" located at 1600 East 13th, Corsecana, Texas 75110.

8. Plaintiff Southside Village Apartments, Ltd. is a Texas limited partnership with its principal place of business at 3605 Inwood Road, Dallas, Texas 75209. Plaintiff is the owner of a 104 unit housing project, designated as FHA no. 113-44076, commonly known as "Southside Village Apartments" located at 2801 4th Street, Brownwood, Texas 76801.

9. Plaintiff The Villages, Ltd. is a Texas limited partnership with its principal place of business at 3605 Inwood Road, Dallas, Texas 75209. Plaintiff is the owner of a 250 unit housing project, designated as FHA no. 112-35035, commonly known as "The Village Apartments" located at 1100 North 6th Street, Waco, Texas 76707.

10. Plaintiff University Gardens Apartments, Ltd. is a Texas limited partnership with its principal place of business located at 3605 Inwood Road, Dallas, Texas 75209. Plaintiff is the owner of a 104 unit housing project, designated as FHA no. 112-44200, commonly known as "University Gardens Apartments" located at 100 Northgate Drive, Waxahachie, Texas 75165.

11. Plaintiff Broadway Apartments is a California limited partnership with its principal place of business at 1562 East Main Street, El Cajon, California 92021. Plaintiff is the owner of a 161 unit housing project, designated as FHA no. 129-44020, commonly known as "Broadway Apartments" located at 1562 East Main Street, El Cajon, California 92021.

12. Plaintiff California Properties-Leisure Life is a Florida general partnership with its principal place of business at 14331 Penasquitos Drive, San Diego, California 92129. Plaintiff is the owner of a 248 unit housing project, designated as FHA no. 129-55001, commonly known as "Leisure Life Apartments" located at 14442 Carmel Mountain Road, San Diego, California 92129.

13. Plaintiff California Properties-Villages is a Florida general partnership with its principal place of business at 14331 Penasquitos Drive, San Diego, California 92129. Plaintiff is the owner of a 332 unit housing project, designated as FHA no. 129-55005, commonly known as "Villages Apartments" located at 10955 Carmel Mountain Road, San Diego, California 92129.

14. Plaintiff California Properties-Aguilar is a Florida general partnership with its principal place of business at 481 Via Hidalgo, Greenbrae, California 94904. Plaintiff is the owner of a 312 unit housing project, designated as FHA no. 129-55011, commonly known as "Mt. Aguilar Apartments" located at 5765 Mt. Alifan Drive, San Diego, California 92129.

15. Plaintiff California Properties-Gardens is a Florida general partnership with its principal place of business at 481 Via Hidalgo, Greenbrae, California 94904. Plaintiff is the owner of a 504 unit housing project, designated as FHA no. 129-55014, commonly known as "Penasquitos Gardens" located at 10752-10828 Carmel Mountain Road, San Diego, California 92129.

16. Plaintiff El Capitan Apartments, Ltd. is a Texas limited partnership with its principal place of business at 1412 Main Street, Suite 2100, Dallas, Texas 75202. Plaintiff is the owner of a 150 unit housing project, designated as FHA no. 112-44015, commonly known as "El Capitan Apartments" located at 1842 El Capitan, Dallas, Texas 75228.

17. Plaintiff Garland Gardens, Ltd. is a Texas limited partnership with its principal place of business at 1412 Main Street, Suite 2100, Dallas, Texas 75202. Plaintiff is the owner of a 216 unit housing project, designated as FHA no. 112-44119, commonly known as "Garland Gardens Apartments" located at 245 Barnes Drive, Garland, Texas 75042.

18. Plaintiff Leigh Ann Apartments, Ltd. is a Texas joint venture with its principal place of business at 1412 Main Street, Suite 2100, Dallas, Texas 75202. Plaintiff is the owner of a 256 unit housing project, designated as FHA no. 112-44041, commonly known as "Leigh Ann Apartments" located at 7938 Leigh Ann Drive, Dallas, Texas 75232.

19. Plaintiff Rolling Meadows, Ltd. is a Texas limited partnership with its principal place of business at 1412 Main Street, Suite 2100, Dallas, Texas 75202. Plaintiff is the owner of a 289 unit housing project, designated as FHA no. 112-44001, commonly known as "Rolling Meadows Apartments" located at 4909 Rolling Meadows, Dallas, Texas 75211.

20. Plaintiff Walnut Manor Ltd. is a Texas limited partnership with its principal place of business at 1412 Main Street, Suite 2100, Dallas, Texas 75202. Plaintiff is the owner of a 98 unit housing project, designated as FHA no. 115-44169, commonly known as "Walnut Manor Apartments" located at 3822 West Avenue, San Antonio, Texas 78213.

21. Plaintiff 5000 South Hampton Terrace is a Texas limited partnership with its principal place of business at 1412 Main Street, Suite 2100, Dallas, Texas 75202. Plaintiff is the

owner of a 244 unit housing project, designated as FHA no. 112-55045, commonly known as "Hampton Terrace" located at 5000 South Hampton, Dallas, Texas 76232.

22. Plaintiff Henderson Inc. is a South Dakota corporation with its principal place of business at 1432 Mill Street, Belle Fourche, South Dakota 57717. Plaintiff is the owner of a 48 unit housing project, designated as FHA no. 091-44039, commonly known as "Pleasant Hill Village" located at North 7th Street, Rapid City, South Dakota 57701.

23. Plaintiff Vacaville Park Apartments is a California limited partnership with its principal place of business at 481 Via Hidalgo, Greenbrae, California 94904. Plaintiff is the owner of a 75 unit housing project, designated as FHA no. 121-55066, commonly known as "Vacaville Park" located at 1424 Alamo Drive, Vacaville, California 95688.

24. Plaintiff American River Limited Partnership is a California limited partnership with its principal place of business at 481 Via Hidalgo, Greenbrae, California 94904. Plaintiff is the owner of a 56 unit housing project, designated as FHA no. 136-44235, commonly knows as "American River Gardens" located at 4954 Ferigo Lane, Sacramento, California 95833.

25. Plaintiff Aspen Manor, Limited Partnership is a California limited partnership with its principal place of business at 481 Via Hidalgo, Greenbrae, California 94904. Plaintiff is the owner of a 45 unit housing project, designated as FHA no. 122-44283, commonly known as "Aspen Manor" located at 3939 Maxson Road, El Monte, California 91732.

26. Plaintiff Bear Mountain Village, Limited Partnership is a California limited partnership with its principal place of business at 481 Via Hidalgo, Greenbrae, California 94904. Plaintiff is the owner of a 60 unit housing project, designated as FHA no. 122-44337, commonly known as "Bear Mountain Village" located at 702 Meyer Street, Arvin, California 93203.

27. Plaintiff Camelot North Company is a California limited partnership with its principal place of business at 481 Via Hidalgo, Greenbrae, California 94904. Plaintiff is the owner of a 20 unit housing project, designated as FHA no. 136-44114, commonly known as "Camelot North" located at 1222 East Street, Sacramento, California 95814.

28. Plaintiff Camelot South Company is a California limited partnership with its principal place of business at 481 Via Hidalgo, Greenbrae, California 94904. Plaintiff is the owner of a 20 unit housing project, designated as FHA no. 136-44113, commonly known as "Camelot South" located at 1222 East Street, Sacramento, California 95814.

29. Plaintiff Canyon Apartments Company is a California limited partnership with its principal place of business at 481 Via Hidalgo, Greenbrae, California 94904. Plaintiff is the owner of a 152 unit housing project, designated as FHA no. 129-44094, commonly known as "Canyon Apartments" located at 145 Canyon Drive, Oceanside, California 92054.

30. Plaintiff Cascade Terrace Limited Partnership is a California limited partnership with its principal place of business at 481 Via Hidalgo, Greenbrae, California 94904. Plaintiff is the owner of an 80 unit housing project, designated as FHA no. 122-44295, commonly known as "Cascade Terrace" located at 14300 Chestnut Street, Westminster, California 92683.

31. Plaintiff Cottonwood Manor Company is a California limited partnership with its principal place of business at 481 Via Hidalgo, Greenbrae, California 94904. Plaintiff is the owner of a 26 unit housing project, designated as FHA no. 122-44282, commonly known as "Cottonwood Manor Apartments" located at 3627 Penn Mar, El Monte, California 91732.

32. Plaintiff Ellendale Arms Apartments is a California limited partnership with its principal place of business at 481 Via Hidalgo, Greenbrae, California 94904. Plaintiff is the

owner of a 67 unit housing project, designated as FHA no. 122-44248, commonly known as "Ellendale Arms" located at 2711 Ellendale Place, Los Angeles, California 90007.

33. Plaintiff Escondido Park Apartments is a California limited partnership with its principal place of business at 481 Via Hidalgo, Greenbrae, California 94904. Plaintiff is the owner of a 164 unit housing project, designated as FHA no. 129-44060, commonly known as "Escondido Park" located at 1125 North Broadway, Escondido, California 92026.

34. Plaintiff Foothill Gardens Limited Partnership is a California limited partnership with its principal place of business at 481 Via Hidalgo, Greenbrae, California 94904. Plaintiff is the owner of a 100 unit housing project, designated as FHA no. 125-44031, commonly known as "Foothill Gardens Apartments" located at 1770 North Lompa Lane, Carson City, Nevada 89701.

35. Plaintiff Hollister Plaza, Limited is a California limited partnership with its principal place of business at 481 Via Hidalgo, Greenbrae, California 94904. Plaintiff is the owner of a 116 unit housing project, designated as FHA no. 121-44268, commonly known as "Hollister Plaza Apartments" located at 850 Hillchrest Road #9, Hollister, California 95023.

36. Plaintiff Imperial Villa Apartments is a California limited partnership with its principal place of business at 481 Via Hidalgo, Greenbrae, California 94904. Plaintiff is the owner of a 38 unit housing project, designated as FHA no. 129-44054, commonly known as "Imperial Villa" located at 620 67th Street, San Diego, California 92114.

37. Plaintiff La Verne Terrace Limited Partnership is a California limited partnership with its principal place of business at 481 Via Hidalgo, Greenbrae, California 94904. Plaintiff is the owner of a 96 unit housing project, designated as FHA no. 122-44296, commonly known as "La Verne Terrace Apartments" located at 2132 Blossom Lane, La Verne, California 91750.

38. Plaintiff Laurel Canyon Terrace is a California limited partnership with its principal place of business at 481 Via Hidalgo, Greenbrae, California 94904. Plaintiff is the owner of a 52 unit housing project, designated as FHA no. 122-44097, commonly known as "Laurel Canyon Terrace" located at 13276 Kagel Canyon Street, Arleta, California 91331.

39. Plaintiff Meyler Park Apartments is a California limited partnership with its principal place of business at 481 Via Hidalgo, Greenbrae, California 94904. Plaintiff is the owner of a 98 unit housing project, designated as FHA no. 122-44537, commonly known as "Meyler Park" located at 860 West 5th Street, San Pedro, California 90731.

40. Plaintiff Miller Avenue Apartments is a California limited partnership with its principal place of business at 481 Via Hidalgo, Greenbrae, California 94904. Plaintiff is the owner of a 64 unit housing project, designated as FHA no. 122-44178, commonly known as "Miller Avenue Apartments" located at 16787 Miller Avenue, Fontana, California 92366.

41. Plaintiff Napa Park, Ltd. is a California limited partnership with its principal place of business at 481 Via Hidalgo, Greenbrae, California 94904. Plaintiff is the owner of a 140 unit housing project, designated as FHA no. 121-44076, commonly known as "Napa Park" located at 790 Lincoln Avenue, Napa, California 94558.

42. Plaintiff Ontario Townhouses is a California limited partnership with its principal place of business at 481 Via Hidalgo, Greenbrae, California 94904. Plaintiff is the owner of an 86 unit housing project, designated as FHA no. 122-44253, commonly known as "Ontario Townhouses" located at 1360 East D Street, Ontario, California 91764.

43. Plaintiff Palmdalia Limited Partnership is a California limited partnership with its principal place of business at 481 Via Hidalgo, Greenbrae, California 94904. Plaintiff is the

owner of a 64 unit housing project, designated as FHA no. 122-44232, commonly known as "Palmdalia Apartments" located at 38040 11th Street East, Palmdale, California 93550.

44. Plaintiff Queen Ann Investment Company is a California limited partnership with its principal place of business at 481 Via Hidalgo, Greenbrae, California 94904. Plaintiff is the owner of an 80 unit housing project, designated as FHA no. 136-44291, commonly known as "Queen Ann Apartments" located at 665 Queens Avenue, Yuba City, California 95991.

45. Plaintiff Rose Gardens Housing Limited Partnership is a California limited partnership with its principal place of business at 481 Via Hidalgo, Greenbrae, California 94904. Plaintiff is the owner of a 115 unit housing project, designated as FHA no. 125-44001, commonly known as "Rose Garden" located at 16 East Webb, North Las Vegas, Nevada 89030.

46. Plaintiff Santa Clara Terrace Company is a California limited partnership with its principal place of business at 481 Via Hidalgo, Greenbrae, California 94904. Plaintiff is the owner of a 72 unit housing project, designated as FHA no. 136-44130, commonly known as "Santa Clara Terrace" located at 1605 Santa Clara, Roseville, California 95661.

47. Plaintiff Tempe Apartments, Limited Partnership is a California limited partnership with its principal place of business at 481 Via Hidalgo, Greenbrae, California 94904. Plaintiff is the owner of a 90 unit housing project, designated as FHA no. 123-44096, commonly known as "Tempe Apartments" located at 2141 East University Drive, Tempe, Arizona 85281.

48. Plaintiff Tempe Garden I is a California limited partnership with its principal place of business at 481 Via Hidalgo, Greenbrae, California 94904. Plaintiff is the owner of a 100 unit housing project, designated as FHA no. 136-44160, commonly known as "College Gardens" located at 7761 College Town Drive, Sacramento, California 95826.

49. Plaintiff Trask Limited Partnership is a California limited partnership with its principal place of business at 481 Via Hidalgo, Greenbrae, California 94904. Plaintiff is the owner of a 52 unit housing project, designated as FHA no. 122-44317, commonly known as "Trask Apartments" located at 7731 Trask Avenue, Westminster, California 92683.

50. Plaintiff Vernal Housing Limited Partnership is a California limited partnership with its principal place of business at 481 Via Hidalgo, Greenbrae, California 94904. Plaintiff is the owner of a 54 unit housing project, designated as FHA no. 136-44158, commonly known as "Vernal Apartments" located at 207 South Union Road, Manteca, California 95336.

51. Plaintiff Villa Capri Limited Partnership is a California limited partnership with its principal place of business at 481 Via Hidalgo, Greenbrae, California 94904. Plaintiff is the owner of a 130 unit housing project, designated as FHA no. 122-44107, commonly known as "Villa Capri Apartments" located at 1000 Pacheco Road, Bakersville, California 93307.

52. Plaintiff West Arms Limited Partnership is a California limited partnership with its principal place of business at 481 Via Hidalgo, Greenbrae, California 94904. Plaintiff is the owner of an 88 unit housing project, designated as FHA no. 122-44507, commonly known as "Westminster Arms" located at 13884 Euclid Avenue, Garden Grove, California 92643.

53. Plaintiff KPKA Greenlakes Co. is a Virginia limited partnership with its principal place of business at 373 Edwin Drive, Virginia Beach, Virginia 23462. Plaintiff is the owner of a 150 unit housing project, designated as FHA no. 051-44098, commonly known as "Greenlakes Apartments" located at 3218 Greenlakes Drive, Virginia Beach, Virginia 23452.

54. Plaintiff Churchland Square Apartments is a Virginia limited partnership with its principal place of business at 373 Edwin Drive, Virginia Beach, Virginia 23462. Plaintiff is the

owner of a 150 unit housing project, designated as FHA no. 051-44033, commonly known as "Churchland Square Apartments" located at 7050 Kenny Lane, Portsmouth, Virginia 23703.

55. Plaintiff Dundale Square is a Virginia limited partnership with its principal place of business at 373 Edwin Drive, Virginia Beach, Virginia 23462. Plaintiff is the owner of a 100 unit housing project, designated as FHA no. 051-44207, commonly known as "Churchland Square Apartments" located at 6600 Chesapeake Boulevard, Norfolk, Virginia 23513.

56. Plaintiff Harpers Square Apartments is a Virginia limited partnership with its principal place of business at 373 Edwin Drive, Virginia Beach, Virginia 23462. Plaintiff is the owner of a 400 unit housing project, designated as FHA no. 051-44106, commonly known as "Harpers Square Apartments" located at 1401 East Intruder Circle, Virginia Beach, Virginia 23454.

57. Plaintiff John Knox is a Virginia limited partnership with its principal place of business at 373 Edwin Drive, Virginia Beach, Virginia 23462. Plaintiff is the owner of a 150 unit housing project, designated as FHA no. 051-44119, commonly known as "The John Knox Home" located at 1210 Colonial Avenue, Norfolk, Virginia 23517.

58. Plaintiff Lake Village is a Virginia limited partnership with its principal place of business at 373 Edwin Drive, Virginia Beach, Virginia 23462. Plaintiff is the owner of a 104 unit housing project, designated as FHA no. 051-44012, commonly known as "Lake Village Apartments" located at 957 Lake Village Drive, Chesapeake, Virginia 23323.

59. Plaintiff Second Lake Village is a Virginia limited partnership with its principal place of business at 373 Edwin Drive, Virginia Beach, Virginia 23462. Plaintiff is the owner of an 80 unit housing project, designated as FHA no. 051-44159, commonly known as "Second Lake Village Apartments" located at 957 Lake Village Drive, Chesapeake, Virginia 23323.

60. Plaintiff Bayside Village Apartments is a Massachusetts limited partnership with its principal place of business at 10 Forbes Road, Braintree, Massachusetts 02184. Plaintiff is the owner of a 111 unit housing project, designated as FHA no. 016-44005, commonly known as "Bayside Village" located at 13 Rolling Green Road, Newport, Rhode Island 02840.

61. Plaintiff Bullocks Point Associates is a Massachusetts limited partnership with its principal place of business at 10 Forbes Road, Braintree, Massachusetts 02184. Plaintiff is the owner of a 174 unit housing project, designated as FHA no. 016-44041, commonly known as "Bullocks Point Village" located at 596 Bullocks Point Avenue, East Providence, Rhode Island 02915.

62. Plaintiff East Green Hills Apartments, Ltd. is a Florida limited partnership with its principal place of business at 17842 S.W. 107th Avenue, #25, Miami, Florida 33157. Plaintiff is the owner of a 170 unit housing project, designated as FHA no. 066-44055, commonly known as "East Green Hills/Pine Crest Apartments" located at 17842 S.W. 107th Avenue, #25, Miami, Florida 33157.

63. Plaintiff Harborview Towers Associates is a Massachusetts limited partnership with its principal place of business at 10 Forbes Road, Braintree, Massachusetts 02184. Plaintiff is the owner of a 144 unit housing project, designated as FHA no. 023-44011, commonly known as "Harborview Towers" located at 280 Acushnet Avenue, New Bedford, Massachusetts 01740.

64. Plaintiff Mayflower Village Associates is a Massachusetts limited partnership with its principal place of business at 10 Forbes Road, Braintree, Massachusetts 02184. Plaintiff is the owner of a 100 unit housing project, designated as FHA no. 023-55066, commonly known as "Mayflower Village" located at 128A Settler Road, Plymouth, Massachusetts 02360.

65. Plaintiff Rolling Green Associates is a Massachusetts limited partnership with its principal place of business at 10 Forbes Road, Braintree, Massachusetts 02184. Plaintiff is the owner of a 200 unit housing project, designated as FHA no. 016-55005, commonly known as "Rolling Green Village" located at 13 Rolling Green Road, Newport, Rhode Island 02849.

66. Plaintiff Duarte Manor Associates is a California limited partnership with its principal place of business at 1755 East Martin Luther King, Jr. Boulevard, Los Angeles, California 90058. Plaintiff is the owner of a 42 unit housing project, designated as FHA no. 122-44559, commonly known as "Duarte Manor Apartments" located at 1235 North Highland Avenue, Duarte, California 91010.

67. Plaintiff Estate of Daniel E. Foley is a California limited partnership with its principal place of business at 1755 East Martin Luther King, Jr. Boulevard, Los Angeles, California 90058. Plaintiff is the owner of an 8 unit housing project, designated as FHA no. 122-44561, commonly known as "Delta Apartments" located at 825 Forest Avenue, Los Angeles, California 90033.

68. Plaintiff Greenwood Gardens Associates is a California limited partnership with its principal place of business at 1755 East Martin Luther King, Jr. Boulevard, Los Angeles, California 90058. Plaintiff is the owner of a 40 unit housing project, designated as FHA no. 122-44560, commonly known as "Greenwood Gardens Apartments" located at 1405 South Greenwood Avenue, Montebello, California 90640.

69. Plaintiff Happy Valley Villa is a California limited partnership with its principal place of business at 1755 East Martin Luther King, Jr. Boulevard, Los Angeles, California 90058. Plaintiff is the owner of a 20 unit housing project, designated as FHA no. 122-44496,

commonly known as "Happy Valley Villa Apartments" located at 3035-3045 Sierra Street, Los Angeles, California 90031.

70. Plaintiff Hollywood East Apartments, Ltd. is a California limited partnership with its principal place of business at 1755 East Martin Luther King, Jr. Boulevard, Los Angeles, California 90058. Plaintiff is the owner of a 93 unit housing project, designated as FHA no. 122-44607, commonly known as "Hollywood East Apartments" located at 643-651 ¾ North Kingsley Drive, Los Angeles, California 90004, 1141-1145 North Westmoreland Avenue, Los Angeles, California 90029, 4612 Lexington Avenue, Los Angeles, California 90029, and 4829 Lexington Avenue, Lost Angeles, California 90029.

71. Plaintiff Houston Homes #1 Ltd. is a California limited partnership with its principal place of business at 1755 East Martin Luther King, Jr. Boulevard, Los Angeles, California 90058. Plaintiff is the owner of a 60 unit housing project, designated as FHA no. 122-44598, commonly known as "Houston Homes Apartments" located at 1835 West 25th Street, Los Angeles, California 90018, 1317 East 23rd Street, Los Angeles, California 90011, 1145 East 24th Street, Los Angeles, California 90011, 1386 East 20th Street, Los Angeles, California 90011, and 5426 Sierra Vista Avenue, Los Angeles, California 90036.

72. Plaintiff L.A. Pro III Apartments is a California limited partnership with its principal place of business at 1755 East Martin Luther King, Jr. Boulevard, Los Angeles, California 90058. Plaintiff is the owner of a 122 unit housing project, designated as FHA no. 122-44471, commonly known as "L.A. Pro III Apartments" located at 230 West 88th Place, Los Angeles, California 90003, 10915 South Figueroa Street, Los Angeles, California 90061, 1134 West 17th Street, Los Angeles, California 90015, 2818 Leeward Avenue, Los Angeles, California 90036, and 5426 Sierra Vista Avenue, Los Angeles, California 90036.

73. Plaintiff L.A. Pro VII Apartments, Ltd. is a California limited partnership with its principal place of business at 1755 East Martin Luther King, Jr. Boulevard, Los Angeles, California 90058. Plaintiff is the owner of a 240 unit housing project, designated as FHA no. 122-44475, commonly known as "Witmer Manor Apartments" locate at 1501 Miramar Street, Los Angeles, California 90026 and 201-205-211-215-219-225-231 Witmer Street, Los Angeles, California 90026.

74. Plaintiff L.A. Pro XXXII Apartments Ltd. is a California limited partnership with its principal place of business at 1755 East Martin Luther King, Jr. Boulevard, Los Angeles, California 90058. Plaintiff is the owner of a 113 unit housing project, designated as FHA no. 122-35354, commonly known as "L.A. Pro XXXII Apartments" located at 1348 West Ingraham Street, Los Angeles, California 90017, 522 South Union Avenue, Los Angeles, California 90017, 743 South Carondelet Street, Los Angeles, California 90027, and 1801 North Alexandria Avenue, Los Angeles, California 90027.

75. Plaintiff Mid City Apartments Ltd. is a California limited partnership with its principal place of business at 1755 East Martin Luther King, Jr. Boulevard, Los Angeles, California 90058. Plaintiff is the owner of a 70 unit housing project, designated as FHA no. 122-44608, commonly known as "Mid City Apartments" located at 732-733-736-737-738-743 East 108th Street, Los Angeles, California 90059, 636-638-651 East 108th Street, Los Angeles, California 90059, and 7512-7514-7518-7524 South San Pedro Street, Los Angeles, California 90003.

76. Plaintiff Midtown Apartments Ltd. is a California limited partnership with its principal place of business at 1755 East Martin Luther King, Jr. Boulevard, Los Angeles, California 90058. Plaintiff is the owner of a 119 unit housing project, designated as FHA no.

122-44573, commonly known as "Mid Town Apartments" located at 2674 West 9th Street, Los Angeles, California 90003, 3030 San Marino Street, Los Angeles, California 90006, 1682 West 12th Place, Los Angeles, California 90015, 1546 West 11th Place, Los Angeles, California 90015, and 1350-1356 South Bonnie Brae Street, Los Angeles, California 90006.

77. Plaintiff Neld North Apartments Ltd. is a California limited partnership with its principal place of business at 1755 East Martin Luther King, Jr. Boulevard, Los Angeles, California 90058. Plaintiff is the owner of an 89 unit housing project, designated as FHA no. 122-44579, commonly known as "Neld North Apartments" located at 4817-4823 ½ Saturn Street, Los Angeles, California 90019, 2815 West Boulevard, Los Angeles, California 90016, 1253 West 39th Street, Los Angeles, California 90037, 3881 Denker Avenue, Los Angeles, California 90062, 2730 South Normandie Avenue, Los Angeles, California 90007, 3922 West 27th Street, Los Angeles, California 90018, and 710 West 30th Street, Los Angeles, California 90007.

78. Plaintiff Realty Partners Prop. Ltd. is a California limited partnership with its principal place of business at 1755 East Martin Luther King, Jr. Boulevard, Los Angeles, California 90058. Plaintiff is the owner of a 20 unit housing project, designated as FHA no. 122-44497, commonly known as "Casa de Woods Apartments" located at 1951 West 22nd Street, Los Angeles, California 90018.

79. Plaintiff Realty Partners Prop. Ltd. is a California limited partnership with its principal place of business at 1755 East Martin Luther King, Jr. Boulevard, Los Angeles, California 90058. Plaintiff is the owner of a 50 unit housing project, designated as FHA no. 122-44689, commonly known as "Vendome Court Apartments" located at 135 South Reno Street, Los Angeles, California 90057, 831 North Lucille Avenue, Los Angeles, California 90026, 4131

½ West Normal Avenue, Los Angeles, California 90029, and 4215-4219 ¾ West Burns Avenue, Los Angeles, California 90029.

80. Plaintiff Sheridan East Villa is a California limited partnership with its principal place of business at 1755 East Martin Luther King, Jr. Boulevard, Los Angeles, California 90058. Plaintiff is the owner of a 24 unit housing project, designated as FHA no. 122-44597, commonly known as "Sheridan East Apartments" located at 111 West 99th Street, Los Angeles, California 90003, 219 East 87th Place, Los Angeles, California 90003, 621 West 84th Street, Los Angeles, California 90003, 120 West 78th Street, Los Angeles, California 90003, and 2210 La Salle Avenue, Los Angeles, California 90018.

81. Plaintiff Sheridan Manor is a California limited partnership with its principal place of business at 1755 East Martin Luther King, Jr. Boulevard, Los Angeles, California 90058. Plaintiff is the owner of a 47 unit housing project, designated as FHA no. 122-44518, commonly known as "Sheridan Manor Apartments" located at 1206 East 105th Street, Los Angeles, California 90002, 10634-10648 South Central Avenue, Los Angeles, California 90002, 1144-1146 East 92nd Street, Los Angeles, California 90002, 8318-8324 South Main Street, Los Angeles, California 90003, and 10410 South Avalon, Los Angeles, California 90002.

82. Plaintiff Sheridan South Villa is a California limited partnership with its principal place of business at 1755 East Martin Luther King, Jr. Boulevard, Los Angeles, California 90058. Plaintiff is the owner of a 38 unit housing project, designated as FHA no. 122-44586, commonly known as "Sheridan South Apartments" located at 2521-2525 South Juliet Street, Los Angeles, California 90007, 1531-1541 West Adams Boulevard, Los Angeles, California 90007, 7219-7225 San Pedro Street, Los Angeles, California 90003, 2607-2617 South Mansfield

Avenue, Los Angeles, California 90016, and 10607 Kalmia Street, Los Angeles, California 90002.

83. Plaintiff Sheridan West Villa is a California limited partnership with its principal place of business at 1755 East Martin Luther King, Jr. Boulevard, Los Angeles, California 90058. Plaintiff is the owner of a 49 unit housing project, designated as FHA no. 122-44569, commonly known as "Sheridan West Apartments" located at 2131 South Hoover Street, Los Angeles, California 90007, 1514 West 20th Street, Los Angeles, California 90007, and 621 West 81st Street, Los Angeles, California 90044.

84. Plaintiff Turner Investment Ltd. is a California limited partnership with its principal place of business at 1755 East Martin Luther King, Jr. Boulevard, Los Angeles, California 90058. Plaintiff is the owner of a 28 unit housing project, designated as FHA no. 122-44490, commonly known as "Turner Towner Apartments" located at 14722 South Lemoli Avenue, Gardena, California 90249.

85. Plaintiff Westside Apartments Ltd. is a California limited partnership with its principal place of business at 1755 East Martin Luther King, Jr. Boulevard, Los Angeles, California 90058. Plaintiff is the owner of a 60 unit housing project, designated as FHA no. 122-44611, commonly known as "Westside Apartments" located at 1811-1815 West 36th Place, Los Angeles, California 90018, 2809 West Boulevard, Los Angeles, California 90016, 2828-2834 West Boulevard, Los Angeles, California 90019, 3918-3934 ¾ La Salle Avenue, Los Angeles, California 90062, and 1130 West Boulevard, Los Angeles, California 90019.

86. Defendant United States of America is a republic formed pursuant to the Constitution of the United States, and exercises the powers described therein subject to certain limitations, including the Fifth Amendment to the United States Constitution.

## JURISDICTION

87. This Court has jurisdiction of this case under 28 U.S.C. § 1491 (the Tucker Act) as a "claim against the United States founded either upon the Constitution, or any Act of Congress or any regulation of an executive department or upon any express or implied contract with the United States . . . ."

**Operative Facts**

**HUD's Low-rent Housing Program**

87. National housing policy, the goal of which is to provide "a decent home and a suitable living environment for every American family," 42 U.S.C. § 1441, began in the New Deal era with the passage of the National Housing Act (NHA) of 1934 and the United States Housing Act of 1937. Prior to 1960, Congress provided low-income housing primarily through direct grants to local government for construction of publicly owned housing units.

88. Beginning in the 1960's and continuing into the 1970's, Congress sought to improve its low-income housing programs by providing incentives for the construction and operation of low-rent housing projects by the private sector. Specifically, Congress passed two amendments to the National Housing Act of 1934, Section 221(d)(3) and Section 236, authorizing the Federal Housing Administration (later HUD) to provide mortgage insurance for such projects, lowering the interest rate which mortgage lenders would charge the project owners. In return, project owners were required to enter into a 20-year regulatory agreement with HUD. *See* Pub. L. 83-560, 68 Stat. 590, 597 (1954), amended by Pub. L. 87-70, 75 Stat. 149 (1961), codified at 12 U.S.C. § 1715*l* (d)(3) (West 1989 and Supp.); Pub. L. 90-448, § 2, 82 Stat. 476, (1968), codified at 12 U.S.C. § 1715z-1 (West 1989 and Supp.).

**Plaintiffs' Development of HUD Low-Rent Housing Projects**

89. Each Plaintiff is a real estate developer who received one or more loans from private lenders to construct housing projects that for a period of years would be under the housing programs established by Section 221(d)(3) and Section 236. In accordance with the statutory and regulatory provisions governing these housing programs, HUD provided each Plaintiff with mortgage insurance, which facilitated their acquisition of low-interest, forty-year mortgages from private lenders. Plaintiffs' mortgages all provided that, after a period of 20 years, they could pre-pay the balance of their mortgages, terminating the HUD insurance and exiting the low-rent housing program under which it was provided.

90. In return for the mortgage insurance, each Plaintiff was required to enter into a "Regulatory Agreement" with HUD. These Regulatory Agreements placed a variety of restrictions on Plaintiffs and their properties, including restrictions on the income levels of tenants, allowable rental rates, and the maximum rate of return on initial equity that Plaintiffs could receive from their housing projects. The Regulatory Agreements also prohibited sale or further mortgage of the property for 20 years without HUD approval and required each Plaintiff to submit to extensive HUD audits, inspections, and management reviews. The Regulatory Agreements were to remain in effect only "so long as the contract of mortgage insurance continued in effect."

91. HUD's regulations then in effect included recognition of the Plaintiffs' rights to prepay their forty-year mortgages after twenty years and the mortgage documents themselves were reviewed by HUD and drafted to conform to existing HUD regulations. Each of the mortgage trust notes provided that Plaintiffs could not prepay the mortgage (without HUD approval) during the first twenty years of the mortgage, but could do so "without such approval" after twenty years. Though not a party to the mortgage contracts, HUD reviewed, endorsed, and

approved them and their terms mirrored HUD regulations. Thus, under the original regulatory scheme, the Regulatory Agreements and their attendant restrictions were to remain in effect for at least twenty years, at which point Plaintiffs would have the option of prepaying the mortgages and thereby dissolve the mortgage insurance and hence the restrictive Regulatory Agreements.

92. The relevant HUD regulations also provided that they could be amended but not to the prejudice of Plaintiffs:

> The regulations in this subpart may be amended by the Commissioner at any time and from time to time, in whole or in part, but such amendment shall not adversely affect the interests of a mortgagee or lender under the contract of insurance on any mortgage or loan already insured and shall not adversely affect the interests of a mortgagee or lender on any mortgage or loan to be insured on which the Commissioner has made a commitment to insure.

24 C.F.R. § 236.249 (1970); *accord* 24 C.F.R. § 221.749 (1970).

93. Plaintiffs bought their property, entered into contracts, borrowed money, and developed their apartment complexes in reliance on the then-existing regulatory regime. Plaintiffs would not have entered into the agreements with HUD but for the benefits in the form of higher rents and higher market value that they would receive upon prepayment at the end of twenty years.

**Congressional Repeal Of The Right To Pre-Pay**

94. In the late 1980s, Congress became concerned that a large number of housing project owners, such as Plaintiffs, would elect to prepay their mortgage loans, leave the housing programs to earn more money from their properties, and thereby reduce the supply of low-income housing. In response to this concern, Congress enacted two pieces of legislation. The first, ELIPHA, enacted on February 5, 1988, placed a temporary, "emergency" moratorium on Plaintiffs right to prepay their mortgages absent prior approval from HUD. ELIPHA prohibited Plaintiffs from prepaying their mortgages unless they could demonstrate to the satisfaction OF

HUD that: (1) prepayment would not materially increase the economic hardship for current tenants or involuntarily displace current tenants where comparable and affordable housing was not readily available; and (2) the supply of vacant, comparable housing was sufficient to ensure that prepayment would not materially affect (a) the availability of decent, safe and sanitary housing affordable to lower-income and very low-income families or persons in the area; (b) the ability of low-income and very low-income families to find affordable, decent, safe, and sanitary housing near employment opportunities; or (c) the housing opportunities of minorities in the communities within which the housing is located. ELIPHA, § 225.

95. Two years after the enactment of ELIPHA, Congress enacted LIHPRHA, Pub. L. 101-625, 104 Stat. 4249 (1990), 12 U.S.C.A. §§ 4101 *et. seq.* (West 1993 and Supp.), a more permanent measure, which continued the prohibition against prepaying mortgages. Section 211(c) of LIHPRHA provided that "any prepayment of a mortgage on eligible low-income housing or termination of the mortgage insurance on such housing not in compliance with the provisions of this subtitle shall be null and void and any low-income affordability restrictions on the housing shall continue to apply to the housing." 12 U.S.C.A. § 4101 (c). Further, LIHPRHA prohibited owners from exercising their rights under their contracts with HUD to be free of regulatory control unless they could satisfy substantially the same conditions imposed by ELIPHA. Under LIHPRHA the right to prepay was conditioned on findings by HUD that termination of the affordability restrictions through prepayment of the mortgage would not "materially increase economic hardship" on existing tenants by increasing rental payments by more than 10 percent, by involuntarily displacing such tenants, or by decreasing the ready availability of "decent, safe, and sanitary [low-income] housing." 12 U.S.C. § 4108(a).

96. On March 28, 1996, Congress enacted the Housing Opportunity Program Extension Act of 1996 ("HOPE"), Pub. L. 104-120 (1995 HR 2099) (1996). This Act restored to housing project owners the right of mortgage prepayment and the right to terminate participation in the program, albeit with certain restrictions and limitations regarding conversion of the projects.

97. It would have been impossible for each Plaintiff to meet the prepayment criteria set forth in either ELIPHA or LIHPRHA. Consequently, HUD lacked the discretion to have been able to make the findings required to allow Plaintiffs to prepay their mortgages after their 20-year anniversary dates. Accordingly, any attempt by Plaintiffs to prepay their mortgages under the conditions set forth in ELIPHA or LIHPRHA would have been futile.

98. Faced with the impossibility of exercising their right to pre-pay their mortgages and exit the HUD low-rent program, , some of the Plaintiffs entered into "use agreements" with HUD, as authorized by ELIPHA and LIHPRHA, in return for certain "incentives" created by those statutes. These statutorily authorized use agreements required Plaintiffs to remain subject to federal restrictions on their properties for an additional 20 or 30 years, while allowing those Plaintiffs whose projects satisfied various guidelines different or increased federal subsidies, increases in allowable distributions, access to restricted residual receipts or replacement reserve accounts, rights to refinance and withdraw a portion of their equity, and the right to permit additional liens against their property occasioned by the HUD required capital improvements to the project. Importantly, all of the so-called "incentives" created by Congress and offered to Plaintiffs were no more than a portion of the rights to which they were already entitled under their original contracts with HUD and as a result of ownership of their real property. Moreover, in order to obtain the benefits of a use agreement, Plaintiffs were required to agree to new low-

income affordability restrictions, to expend substantial sums for capital improvements as required by HUD, to pay substantial initial and ongoing fees to HUD, to realize and accept a significantly diminished proportion of their existing equity value, and to pay for all costs incurred in exercising their right to receive these benefits.

99. Thus, although Congress effectively restored the prepayment rights for participants in the HUD mortgage subsidy program in 1996 when it enacted HOPE, that statute did not invalidate the use agreements under which many of these Plaintiffs had involuntarily extended the prepayment and other HUD restrictions well into the future. Because it would have been futile for Plaintiffs to attempt to prepay their mortgages, the effect of ELIHPA and LIHPRHA and HUD's implementing regulations was to compel owners such as Plaintiffs to dedicate their properties for a public use. As a result of the denial of its right to prepay its mortgage at the expiration of 20 years, Plaintiffs were deprived of their right to use or dispose of their properties as they saw fit, were compelled to allow the Government to use or authorize others to purchase and use their properties to fulfill the Government's undertaking to provide low cost rental housing to a segment of the public meeting eligibility standards, and were required to continue to comply with costly restrictions and obligations imposed by Regulatory Agreement.

**Plaintiffs' First Suit Found To Be Unripe**

100. Following the enactment of HOPE, each of these Plaintiffs filed suit in this Court for just compensation under the Fifth Amendment. *See Greenbrier, et al. v. United States*, No. 96-326C (Fed. Cl. filed on June 6, 1996); *Carrier Arms Apts., et al. v. United States*, No. 96-364 (Fed. Cl. filed on June 26, 1996); *Hobbs, et al. v. United States*, No. 96-435 (Fed. Cl. filed July 19, 1996); *American River, et al. v. United States*, No. 96-697C (Fed. Cl. filed on Oct. 31, 1996). In *Greenbrier*, Plaintiffs, on July 26, 1996, moved for class certification. By order of March 7,

1997, the Court denied Plaintiffs motion for class certification. After filing answers in each of the four cases, which were eventually consolidated, Defendant filed, on May 9, 1997, a motion to dismiss Plaintiffs' claims for just compensation, under Rule 12(b) of the Rules of the Court of Federal Claims. At the same time Defendant moved for summary judgment on the breach of contract claims of seven representative plaintiffs.

101. On April 9, 1998, the Court granted Defendant's motion to dismiss Plaintiffs' takings claims on the ground that they were not yet ripe, and that the Court therefore lacked subject matter jurisdiction. See *Greenbrier v. United States*, 40 Fed. Cl. 689 (1998). That decision was affirmed on appeal. *Greenbrier v. United States*, 193 F.3d 1348, 1360 (Fed. Cir. 1999).

102. Plaintiffs' claims have since become ripe for adjudication, and are consequently now within the jurisdiction of this Court under the Tucker Act.

103. Moreover, subsequent to the dismissal of Plaintiffs' claims as unripe both this Court and the Federal Circuit have recognized that it was futile to attempt to prepay Section 221(d)(3) and Section 236 mortgages under ELIPHA and LIHPRHA. *Cienega Gardens v . United States*, 265 F.3d 1237 (Fed. Cir. 2001); *accord City Line Joint Venture v. United States*, 71 Fed. Cl. 486 (2006); *Royal Manor, Ltd. v. United States*, 69 Fed. Cl. 58 (2005); *cf. Anaheim Gardens v. United States*, 444 F.3d 1309 (Fed. Cir. 2006) (reversing and remanding for further proceedings to determine futility as applied to plaintiffs in that case).

**The Impact of Defendant's Actions on Plaintiffs**

104. But for the actions of Defendant, Plaintiffs would have exercised their rights to pre-pay their deed of trust notes and/or cancelled their mortgage insurance and regulatory agreements in accordance with their contracts after the 20th anniversary date of the HUD

endorsement in order to maximize their return on their investment and/or relieve them from the obligations of the regulatory agreements.

105. Plaintiffs have complied fully and in good faith in all material respects with the terms and conditions of their contracts and have otherwise fully performed their undertakings in connection therewith. At all times herein relevant, Plaintiffs had no reasonable expectation to believe Defendant would abrogate their rights to terminate their low-income affordability restrictions and would not have entered into a contract with Defendant had they known Defendant would conscript their units for public use. From and after February 5, 1988 and continuing at all times relevant thereafter, Plaintiffs remained ready, able and willing to perform their obligations under the terms of the contract with Defendant and would have prepaid the deed of trust notes and/or cancelled the mortgage insurance and regulatory agreement but for the actions of Defendant.

106. As a result of Defendant's actions hereinabove described, Plaintiffs, as private property owners, had an economically viable interest taken from them for public use. Specifically, by abrogating Plaintiffs' contractual prepayment rights, Defendant eviscerated Plaintiffs' real property rights to sole and exclusive possession after twenty years and to convey or encumber their properties after twenty years. Plaintiffs' constitutionally protected property interests were based on the interaction of both real property interests and contractual rights. These interests vested long before ELIPHA and LIHPRHA were enacted, as these constitutionally protected interests arose immediately upon execution of the mortgage loan agreement and the purchase of the land.

107. As a result of Defendant's actions, Plaintiffs have been required to use their properties to fulfill the federal undertaking to provide low cost rental housing to a segment of the

public meeting federal government eligibility standards. By virtue of Defendant's actions, Plaintiffs have suffered economic loss from the requirement to continue to be burdened by federal regulatory control unlike that of competitors in the same or similar markets.

108. By requiring Plaintiffs to abide by the terms of the low-income affordability restrictions after the term agreed to in their original contracts, Defendant engaged in a taking of Plaintiffs' properties by requiring Plaintiffs to rent to a class of qualified persons identified by Defendant. This resulted in a physical invasion of, or an authorization to occupy Plaintiffs' property against Plaintiffs' will and deprived Plaintiffs of their reasonable and distinct investment backed expectations with regard to their real property.

**CAUSE OF ACTION**
(Just Compensation for Property Taken)

109. Plaintiffs reallege and incorporate by this reference all of the preceding allegations, and further allege as follows:

110. As a direct and proximate result of Defendant's actions as herein alleged, Defendant has taken Plaintiffs' property for public use.

111. Despite this taking of Plaintiffs' property for public use, Defendant has failed and refused to pay Plaintiffs just compensation, in violation of the Fifth Amendment of the United States Constitution, which provides: "nor shall private property be taken for public use, without just compensation." U.S. CONST. amend. V.

112. As a direct, foreseeable, and proximate result of Defendant's acts, Plaintiffs have been damaged in an amount as yet unascertained, but estimated to be approximately $100 million, equal to the just compensation due them under the Fifth Amendment, including interest thereon at a rate to be established by this Court. Plaintiffs will seek leave of Court to amend this complaint to conform to proof of such damages at trial.

113. As a further direct, foreseeable and proximate result of the taking of their property without just compensation, Plaintiffs have been required to and have retained the services of counsel to prosecute this action. Plaintiffs have incurred, and will incur, attorneys' fees, appraiser fees, expert witness fees, and costs and expenses of litigation in an amount as yet unascertained. Plaintiffs will seek leave of this Court to amend this complaint to conform to proof of such damages at trial.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs respectfully pray for relief as follows:

1. A money judgment equal to the just compensation owing to each Plaintiff for the regulatory taking of his or her property for public use without payment of just compensation, together with interest thereon at the legal rate from the date of taking, in an amount estimated to be at least $100 million.

2. Reasonable attorneys' fees for the bringing of this action;

3. The expenses of appraisers and other experts reasonably required to prosecute this action, together with other costs of this suit; and

4. Such other and further relief as the Court may deem just.

Respectfully submitted,

Roger J. Marzulla
Nancie G. Marzulla
MARZULLA & MARZULLA
1350 Connecticut Ave., N.W.
Suite 410
Washington, DC 20036
202-822-6760
202-882-6774 (fax)

Dated: November 22, 2006

Counsel for Plaintiffs