IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| CARRIER ARMS APARTMENTS, LTD., *et al.*<br><br>Plaintiffs,<br><br>v.<br><br>UNITED STATES,<br><br>Defendant. | ) | No. 06-789<br>(Hon. James F. Merow) |

PLAINTIFFS' MOTION TO STAY PROCEEDINGS

Plaintiffs, Carrier Arms Apartments, Ltd., *et al.*, respectfully submit this motion to stay the proceedings in this case pending disposition of the appeal of the directly related case, *Greenbrier, et al. v. United States*, (Fed. Cl. No. 96-326C) currently before the United States Court of Appeals for the Federal Circuit. A stay is appropriate because both *Greenbrier* and this case involve the same parties and essentially the same operative facts; only one of the two cases can proceed to judgment, as the relief sought in each case overlaps; and, should these Plaintiffs prevail at the Federal Circuit in *Greenbrier*, this Complaint likely will be moot. Defendant will suffer no prejudice by staying this possibly redundant Complaint until the Federal Circuit can act, while a stay also will preserve precious resources of the Court and the parties which might otherwise be expended upon unnecessary and duplicative litigation.[1]

PROCEDURAL BACKGROUND

Plaintiffs in this case are 85 low-income housing providers seeking to recover damages for the Government's abrogation of their right to pre-pay mortgages insured by

the United States Department of Housing and Urban Development ("HUD"). Plaintiffs' right to pre-pay these mortgages was abrogated by the Emergency Low Income Housing Preservation Act of 1987 and the Low-Income Housing Preservation and Resident Homeownership Act of 1990, thus resulting in a compensable Fifth Amendment taking.

To recover the damages they incurred as a result of this taking, Plaintiffs initially filed their complaint in *Greenbrier*. In 1999, this Court dismissed the *Greenbrier* action upon the grounds that Plaintiffs' claims were not yet ripe for judicial review. After numerous contrary decisions were issued involving different plaintiffs and the same claims and operative facts, Plaintiffs filed a Motion for Relief from Judgment pursuant to Rule 60(b)(6) of the Rules of the United States Court of Federal Claims ("RCFC").

At the same time they filed their RCFC 60(b)(6) motion, Plaintiffs filed the complaint in this action to halt the running of the applicable statute of limitations in the event the RCFC 60(b)(6) motion in *Greenbrier* was denied. The complaint in this action alleges the same operative facts and seeks the same relief as in *Greenbrier*, *viz.*, just compensation for the taking of Plaintiffs' property. As a result, the cases are directly related to one another and both cases have been assigned to the Honorable James F. Merow.

On March 14, 2007, this Court issued a decision in *Greenbrier* denying Plaintiffs' RCFC 60(b)(6) motion. In response to this decision, Plaintiffs promptly filed a Notice of Appeal on April 3, 2007. A briefing schedule for the appeal has not yet been established. In this case, pursuant to two motions for enlargement of time filed by the Government, the Government's answer to the complaint is due on April 23, 2007.

---

[1] Counsel for Plaintiffs has discussed this motion with counsel for Defendant, who states

ARGUMENT

This Court may issue a stay of proceedings pursuant to its discretionary authority to control its docket. Indeed, a court has broad discretion to stay proceedings in the interests of "economy of time and effort for itself, for counsel, and for litigants." *Coast Federal Bank, FSB v. United States*, 49 Fed. Cl. 11, 15 (2001) (*rev'd on other grounds* 309 F.3d 1353 (Fed. Cir. 2002) (citing *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936); *see O'Connell v. Sec'y of Health and Human Services*, 63 Fed. Cl. 49, 62 (2004) (citing *Landis* ("[T]he power to stay proceedings is incidental to the power in every court to control the disposition of the cases on its docket with economy of time and effort for itself, for counsel, and for litigants."). The bases for issuing a stay of proceedings include awaiting the resolution of related proceedings. *See O'Connell*, 63 Fed. Cl. at 62 (citing *Landis*, 299 U.S. at 256) (recognizing the vast discretion of a trial judge to stay proceedings in the interest of justice, especially where the pending proceeding is dispositive of an issue in the case, because "a decision in the cause then pending . . . may not settle every question of fact and law in [similar] suits . . ., but in all likelihood it will settle many and simplify them all")); *see also*, *Cherokee Nation of Okla. v. United States*, 124 F3d. 1413, 1416 (Fed. Cir. 1997) ("When and how to stay proceedings is within the sound discretion of the trial court . . . . [but a] stay so extensive that it is 'immoderate or indefinite' might be an abuse of discretion.") (quoting *Landis*, 299 U.S. at 257).

In this case, Plaintiffs have asserted the same claims based upon the same operative facts as they did in *Greenbrier*. Indeed, the reason the Plaintiffs filed this case was to protect their claims in the event that *Greenbrier* is not re-opened pursuant to

---

that Defendant will oppose this motion.

RCFC 60(b)(6). Because the relief sought in the two complaints overlaps, it is not possible for both cases to proceed to judgment. This militates against litigating the cases simultaneously upon a parallel track. In this respect, it is much more efficient to allow the *Greenbrier* decision to proceed to final resolution before proceeding with this case.

Indeed, if *Greenbrier* is re-opened, then this case essentially becomes moot. In that event, much of the work that the parties would perform in litigating this case would be wasted because it would not be relevant in *Greenbrier*. As an example, it is anticipated that Defendant will argue in this case that the statute of limitations has run for purposes of Plaintiffs' claims. Because this defense does not apply in *Greenbrier*, it would be a waste of the Court's and the parties' resources to litigate this issue if the Federal Circuit were to rule in Plaintiffs' favor upon the RCFC 60(b)(6) motion. This same rationale applies to the facts and circumstances that relate to the ripening of Plaintiffs' claims subsequent to the year 2000. The motions practice and discovery in which the parties will engage regarding this issue, and possibly other issues in this case, only become relevant and necessary if the Federal Circuit decides in the Government's favor in *Greenbrier*.

In view of the foregoing circumstances, this Court should stay the proceedings in this case pending a decision by the Federal Circuit Court of Appeals in *Greenbrier*. It is evident that a decision upon the appeal in *Greenbrier* will directly impact this case. Pursuing both actions simultaneously would not be in the interests of judicial economy and would not be an efficient use of the parties' resources. Because defendant has yet to file a responsive pleading in this case, there would be no prejudice to defendant's position if this motion is granted.

Accordingly, Plaintiffs respectfully request this Court to issue an order staying these proceedings pending the resolution of the appeal in *Greenbrier*.

Respectfully submitted,

/s/ Roger J. Marzulla
Roger J. Marzulla
Nancie G. Marzulla
Gregory T. Jaeger
MARZULLA & MARZULLA
1350 Connecticut Ave., N.W.
Suite 410
Washington, DC 20036
202-822-6760
202-882-6774 (fax)

Dated: April 17, 2007

Counsel for Plaintiffs