No. 06-789C
(Judge Merow)

IN THE UNITED STATES COURT OF FEDERAL CLAIMS

CARRIER ARMS APARTMENT, LTD.,

Plaintiffs,

v.

THE UNITED STATES,

Defendant.

# DEFENDANT'S MOTION TO DISMISS

PETER D. KEISLER
Assistant Attorney General

JEANNE E. DAVIDSON
Director

BRIAN M. SIMKIN
Assistant Director

KENNETH D. WOODROW
Trial Attorney
Commercial Litigation Branch
Civil Division
Department of Justice
Attn: Classification Unit
8th Floor
1100 L Street
Washington, D.C. 20530
tel: (202) 353-0513
fax: (202) 307-0972
Attorneys for Defendant

April 23, 2007

# TABLE OF CONTENTS

**PAGE(s)**

DEFENDANT'S MOTION TO DISMISS ........ 1

DEFENDANT'S BRIEF ........ 1

STATEMENT OF THE ISSUES ........ 1

STATEMENT OF THE CASE ........ 1

ARGUMENT ........ 4

I. Legal Standards Under RCFC 12(b)(6) ........ 4

II. The Plaintiffs' Action Is Barred By The Doctrine Of *Res Judicata* ........ 5

A. The *Carrier Arms* Complaint Includes The Same Parties As The *Greenbrier* Litigation ........ 5

B. The Plaintiffs' Claim Here Is Founded Upon The Same Set Of Transactional Facts As Plaintiffs' Claim in *Greenbrier* ........ 6

C. The *Greenbrier* Litigation Has Been Determined By Final Judgment ...... 7

III. The Complaint Fails To State A Claim Upon Which Relief May Be Granted To The Extent Plaintiffs Rely Upon Facts Arising "Since" This Court's April 1998 Judgment ........ 9

CONCLUSION ........ 11

## TABLE OF AUTHORITIES

**CASES** **PAGE(s)**

American Nat'l Bank & Trust Co. v. United States,
22 Cl. Ct. 7 (1990) .......... 4

Ammex, Inc. v. United States,
334 F.3d 1052 (Fed. Cir. 2003) .......... 5

Anaheim Gardens v. United States,
444 F.3d 1309 (Fed. Cir. 2006) .......... 8

Blonder-Tongue Lab., Inc. v. University of Ill. Found.,
402 U.S. 313 (1971) .......... 5

Boise Cascade Corp. v. United States,
296 F.2d 1339 (Fed. Cir. 2002) .......... 10

Brown v. United States,
3 Cl. Ct. 31, 41 (1983), aff'd, 741 F.2d 1374 (Fed. Cir. 1984) .......... 5

Burnett v. United States,
40 Fed. Cl. 806 (1998) .......... 4

Cienega Gardens, et al. v. United States,
265 F.3d 1237 (Fed. Cir. 2001) .......... 8

Deposit Bank v. Board of Councilmen of City of Frankfort,
191 U.S. 499 (1903) .......... 9

Estate of Akin v. United States,
31 Fed. Cl. 89 (1994) .......... 4

Finch v. Hughes Aircraft Co.,
926 F.2d 1574 (Fed. Cir. 1991) .......... 7

Florida Power & Light Co. v. United States,
41 Fed. Cl. 477 (1998) .......... 5

Foster v. Hallco Mfg. Co., Inc.,
947 F.2d 469 (Fed. Cir.1991) .......... 6

## TABLE OF AUTHORITIES
continued

**CASES** **PAGE(s)**

Greenbrier, et al. v. United States,
193 F.3d 1348 (Fed. Cir. 1999) .................... 6, 7, 8, 10

Greenbrier v. United States,
40 Fed. Cl. 680 (1998) .................... 1, 3

Greenbrier v. United States,
530 U.S. 1274 (2000) .................... 7

Gustafson v. United States,
27 Fed. Cl. 451 (1993) .................... 4

Perez v. United States,
156 F.3d 1366 (Fed. Cir. 1998) .................... 4

Rochman v. United States,
27 Fed. Cl. 162 (1992) .................... 11

SSIH Equipment S.A. v. United States Int'l Trade Comm'n,
718 F.2d 365 (Fed. Cir. 1983) .................... 9

Scheuer v. Rhodes,
416 U.S. 232 (1974) .................... 10

Shell Petroleum, Inc. v. U.S.,
319 F.3d 1334 (Fed. Cir. 2003) .................... 7

**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

| | | |
|---|---|---|
| CARRIER ARMS APARTMENTS, LTD., et al., | ) | |
| Plaintiffs, | ) | |
| v. | ) | No. 06-789C (Judge Merow) |
| UNITED STATES, | ) | |
| Defendant. | ) | |

**DEFENDANT'S MOTION TO DISMISS**

Pursuant to Rule 12(b)(6) of the Rules of the United States Court of Federal Claims ("RCFC"), defendant, the United States, respectfully requests that the Court dismiss plaintiffs' complaint for failure to state a claim upon which relief may be granted. In support of this motion, we rely upon the complaint and the following brief.

**DEFENDANT'S BRIEF**

**STATEMENT OF THE ISSUES**

1. Whether the doctrine of res judicata bars plaintiffs' takings claims?

2. Whether the complaint fails to state claims upon which relief can be granted, because plaintiffs have not and cannot plead facts supporting how their "regulatory takings" claims could have ripened since the Court's decision in Greenbrier v. United States, 40 Fed. Cl. 680 (1998), aff'd, 193 F.3d 1348 (Fed. Cir. 1999)?

**STATEMENT OF THE CASE**

This case presents "regulatory takings" claims based upon the multifamily housing "preservation" policies enacted by Congress and implemented by the Department of Housing and Urban Development ("HUD") between 1988 and 1996. Perceiving a threat to the supply of

public housing, Congress enacted legislation in the late 1980s to regulate the ability of project owners to prepay their Federally-insured mortgages after 20 years and, consequently, terminate low-income use restrictions on their properties. Congress repealed the restrictions on mortgage prepayment in 1996, after receiving testimony that the statutes were viewed as “tax payer ripoffs” because they paid “windfall profits” to owners who had no intention of prepaying their mortgages.

Plaintiffs initially filed suit in this Court more than 10 years ago – i.e., shortly after the prepayment restrictions were lifted. At that time, plaintiffs alleged, among other things, that the legislation effected a taking of private property in violation of the Fifth Amendment to the United States Constitution. Plaintiffs’ complaints acknowledged that the legislation did not prohibit prepayments altogether but, rather, required owners to apply to HUD for permission to prepay. Notably, however, plaintiffs did not allege that they applied to prepay, or even desired to prepay, during the limited period when the prepayment restrictions were in effect.

This omission cast doubt on the legal merit of plaintiffs' takings claims. In a pre-trial order dated March 7, 1997, this Court directed the parties to address, among other issues, whether plaintiffs’ takings claims were barred under the reasoning of United States v. Riverside Bayview Homes. See 474 U.S. 121, 127 (1985) ("A requirement that a person obtain a permit before engaging in a certain use of his or her property does not itself 'take' the property in any sense: after all, the very existence of a permit system implies that permission may be granted, leaving the landowner free to use the property as desired.").

In May 1997, the United States filed a motion to dismiss plaintiffs' takings claims for failure to state a claim upon which relief could be granted – i.e., a merits-based defense. We showed that plaintiffs failed to state cognizable takings claims under Riverside Bayview Homes because the legislation did not flatly prohibit prepayment but, rather, required owners to apply to HUD for permission to pay, and plaintiffs did not and could not allege that they applied to prepay during the limited time the statutory restrictions were in effect (i.e., 1988-1996). On April 9, 1998, treating our motion as one for summary judgment, this Court granted summary judgment in the Government's favor and entered final judgment denying plaintiffs' regulatory takings claims. Greenbrier v. United States, 40 Fed. Cl. 680 (1998), aff'd, 193 F.3d 1348 (Fed. Cir. 1999).

Now, nearly 10 years after filing their original complaint in the Greenbrier litigation, these same plaintiffs attempt to raise the same regulatory takings claims in this case. The only apparent difference in plaintiffs' claims in this case and their claims in the Greenbrier case is the bare allegation that "Plaintiffs' claims have since become ripe for adjudication, and are consequently now within the jurisdiction of this Court under the Tucker Act." Compl. at ¶ 102. Despite this vague and conclusory allegation, plaintiffs' claims are the same claims that they asserted (or could have asserted) in Greenbrier and, thus, are barred by the doctrine of res judicata. Moreover, to the extent that plaintiffs attempt to rely upon new developments occurring "since" the 1998 final judgment, the complaint fails to state claims upon which relief can be granted because plaintiffs have not and cannot plead facts supporting how their takings claims could have ripened since the Court's holding in Greenbrier. Once the prepayment regulations

were lifted, a temporary takings claim could not ripen because, as a matter of law, the restrictions were no longer effective. Thus, the complaint should be dismissed.

## ARGUMENT

I. Legal Standards Under RCFC 12(b)(6)

Pursuant to RCFC 12(b)(6), a motion to dismiss for failure to state a claim upon which relief can be granted is appropriate when the facts asserted by the claimant do not under the law entitle him to a remedy. Perez v. United States, 156 F.3d 1366, 1370 (Fed. Cir. 1998). In considering such a motion, the Court assumes all well-pled factual allegations as true and makes all reasonable inferences in favor of the non-movant. See id. Dismissal pursuant to RCFC 12(b)(6) is a dismissal upon the merits. "[D]ismissal of plaintiff's complaint . . . for failure to state a claim does not have the legal effect of divesting this court of jurisdiction," and thus operates as a final adjudication, with prejudice, upon the merits. American Nat'l Bank & Trust Co. v. United States, 22 Cl. Ct. 7, 18 (1990).

Dismissal upon the grounds of res judicata is properly considered as a motion to dismiss pursuant to RCFC 12(b)(6). See Burnett v. United States, 40 Fed. Cl. 806, 809 (1998) ("An argument based on res judicata is properly considered as a motion to dismiss [for failure to state a claim] pursuant to RCFC 12(b)(4).") (citing Estate of Akin v. United States, 31 Fed. Cl. 89, 90 n. 1 (1994); Gustafson v. United States, 27 Fed. Cl. 451, 452 n. 1 (1993)).[1]

[1] RCFC 12(b)(4) was redesignated as RCFC 12(b)(6) on May 1, 2002.

## II. The Plaintiffs' Action Is Barred By The Doctrine Of *Res Judicata*

Res judicata bars re-litigation of a claim if the same parties have previously litigated that claim to a valid final judgment. Florida Power & Light Co. v. United States, 41 Fed. Cl. 477, 483 (1998); see Blonder-Tongue Lab., Inc. v. University of Ill. Found., 402 U.S. 313, 323-24 (1971). Repetitive litigation concerning the same facts is barred not only as to all litigated theories, but as to all "causes of action which were not but should have been raised in the prior litigation." Brown v. United States, 3 Cl. Ct. 31, 41 (1983), aff'd, 741 F.2d 1374 (Fed. Cir. 1984).

A claim is barred under res judicata when the party asserting the bar demonstrates that: "(1) the parties are identical or in privity; (2) the first suit proceeded to an underlying judgment on the merits; and (3) the [claim at issue] is based on the same set of transactional facts as the first." Ammex, Inc. v. United States, 334 F.3d 1052, 1055 (Fed. Cir. 2003). This test is satisfied here.

### A. The *Carrier Arms* Complaint Includes The Same Parties As The *Greenbrier* Litigation

The plaintiffs do not dispute that the plaintiffs in this case were plaintiffs in the Greenbrier litigation. Plaintiffs state, in their RCFC 40.2 Notice of Directly Related Cases, that:

> The above-captioned case involves some of the same plaintiffs and is based on the same or similar claims as the following cases that were previously before this Court:
>
> Greenbrier, et al. v. United States, No. 96-326C (Fed. Cl. filed June 6, 1996)
> Carrier Arms, et al. v. United States, No. 96-364C (Fed. Cl. filed June 24, 1996)
> Hobbs, et al. v. United States, No. 96-435C (Fed. Cl. filed July 19, 1996)

American River, et al. v. United States, No. 96-697
(Fed. Cl. filed October 31, 1996)

Notice of Directly Related Cases, filed November 22, 2006, at 1. They further state, in Plaintiffs' Motion To Stay Proceedings, filed April 17, 2007, that "both Greenbrier and this case involve the same parties and essentially the same operative facts." Mot. at 1.

Moreover, Plaintiffs have represented in their recent motion for relief from judgment in the Greenbrier case that the complaint in this case is a "backstop measure" and that they would prosecute this case only if the Court denies their motion for relief from judgment in Greenbrier. See Plaintiffs' Memorandum In Support Of Their Motion For Relief From Judgment, Greenbrier, et al. v. United States, Fed. Cl. No's. 96-326C, 96-364C, and 96-697, dated December 5, 2006, at p. 1, n. 2. Therefore, the identity of parties requirement is met here.

B. The Plaintiffs' Claim Here Is Founded Upon The Same Set Of Transactional Facts As Plaintiffs' Claim in *Greenbrier*

Plaintiffs's claims in this case are based upon the same operative facts as their claims in the Greenbrier litigation. The Federal Circuit has adopted the "transactional approach," as defined in the Restatement (Second) of Judgments, § 24, to determining whether the new claim is founded upon the same cause of action as the former claim. See Foster v. Hallco Mfg. Co., Inc., 947 F.2d 469, 479 (Fed. Cir.1991). Under the transactional approach, the court must determine whether the "claim rests on a particular factual transaction or series thereof on which a suit is brought." See id.

Plaintiffs acknowledge that their complaint is "based on the same or similar claims" as their claims in the previous Greenbrier litigation. See Notice of Directly Related Cases, filed November 22, 2006. They further acknowledge that "the complaint in this action alleges the

same operative facts and seeks the same relief as in Greenbrier." Mot. For Stay, at 2. Therefore, plaintiffs' takings claims in this case are precluded because they are based upon the same set of operative facts as plaintiffs' takings claims in Greenbrier.

C. The *Greenbrier* Litigation Has Been Determined By Final Judgment

Plaintiffs' claims in the Greenbrier litigation have been determined by final judgment upon the merits. On April 9, 1998, this Court granted summary judgment in the Government's favor. Greenbrier v. United States, 40 Fed. Cl. 689 (1998). Subsequently, the plaintiffs appealed to the Federal Circuit, which affirmed the this Court's judgment. Greenbrier, et al. v. United States, 193 F.3d 1348 (Fed. Cir. 1999). Plaintiffs thereafter filed a petition for rehearing and suggestion for rehearing en banc, which the Federal Circuit denied on December 27, 1999. The United States Supreme Court denied plaintiffs' petition for a writ of certiorari on June 29, 2000. Greenbrier v. United States, 530 U.S. 1274 (2000). The Court's April 1998 decision in Greenbrier, granting summary judgment for the Government and dismissing plaintiffs' claims upon the grounds of ripeness, is a final judgment for purposes of res judicata. See Shell Petroleum, Inc. v. U.S., 319 F.3d 1334, 1338 (Fed. Cir. 2003); see also Finch v. Hughes Aircraft Co., 926 F.2d 1574, 1577 (Fed. Cir. 1991) (holding that grant of summary judgment precluded subsequent litigation of identical claims).

The plaintiffs' takings claims were fully litigated in Greenbrier. In response to the Court's March 7, 1997 order, the Government introduced evidence demonstrating that none of the plaintiffs had applied to prepay pursuant to the HUD process and that at least three projects in the United States had applied, and received, permission to prepay. Instead of introducing evidence in response to the Government's proffer, plaintiffs took the position that there were no

administrative remedies to exhaust and that applying to prepay was unnecessary. Pl's Opp'n at 36, filed June 23, 1997. Plaintiffs made no attempt to set forth separate facts for each plaintiff that would demonstrate the futility of applying to prepay. The Court granted summary judgment in favor of the United States, holding that because plaintiffs had not applied to prepay pursuant to the HUD process, their takings claims were not ripe for review. Greenbrier, 40 Fed. Cl. 689 (1998). The Court's grant of summary judgment was upheld on appeal. Greenbrier, 193 F.3d 1348 (Fed. Cir. 1999), cert. denied, 530 U.S. 1274 (2000). Moreover, the Court's decision has been cited with approval on several subsequent occasions. See, e.g., Anaheim Gardens v. United States, 444 F.3d 1309, 1316 (Fed. Cir. 2006) (the "*Greenbrier* plaintiffs had fully developed the facts of their cases and still failed to show futility."); Cienega Gardens, et al. v. United States, 265 F.3d 1237, 1248 (Fed. Cir. 2001) (the *Greenbrier* plaintiffs failed to "set forth uncontested facts demonstrating that it would be futile for them to file prepayment requests with HUD.").

Having exhausted the appellate process, plaintiffs waited nearly eight years before filing a motion for relief from the Court's April 1998 judgment pursuant to Rule 60(b)(6). See Plaintiffs' Motion For Relief From Judgement, dated December 5, 2006. The filing of a motion for relief from judgment pursuant to RCFC 60(b)(6) does not disturb the finality of the Court's original judgment and does not alter its preclusive effect. See RCFC 60(b) (stating that "[a] motion under this subdivision (b) does not affect the finality of a judgment or suspend its operation.").

As their sole ground for reconsideration, plaintiffs contended that subsequent decisions demonstrate that Greenbrier was "wrongly decided." Id. at 11-13 (citing Cienega Gardens, et al. v. United States, 265 F.3d 1237 (Fed. Cir. 2001); Anaheim Gardens v. United States, 444 F.3d 1309 (Fed. Cir. 2006)). On March 14, 2007, this Court denied plaintiffs' motion for

reconsideration, holding that the Federal Circuit's decision in Greenbrier continues to be favorably cited and cannot be described as "wrongly decided" and that "no viable reason for Rule 60(b)(6) relief has been shown." Greenbrier v. United States, 2007 WL 789594 (March 14, 2007), slip op. at 7. In denying plaintiffs' motion for reconsideration, the Court held that the "exceptional or extraordinary circumstance required to justify RCFC 60(b)(6) relief does not encompass the impact of tactical litigation decisions that prove to be unsuccessful." Greenbrier v. United States, 2007 WL 789594 (March 14, 2007), Slip op. at 7. Because plaintiffs had the opportunity to introduce particularized evidence of futility, but chose not to do so, they have had ample opportunity to "fully and fairly" litigate their claims. The Court further held that plaintiffs' motion for relief was not filed within a reasonable period of time as required by RCFC 60(b).[2] Id.

Because the Court's April 1998 judgment in the Greenbrier case was a final judgment on the merits, and because plaintiffs had the opportunity to appeal that judgment and did so without success, the Court's judgment precludes these plaintiffs from re-litigating the same claims in this case.

III. The Complaint Fails To State A Claim Upon Which Relief May Be Granted To The Extent Plaintiffs Rely Upon Facts Arising "Since" This Court's April 1998 Judgment

Even if the Court were to entertain plaintiffs' takings claims, the Court should dismiss the complaint because it fails to state a claim upon which relief may be granted. Accepting all of

---

[2] Although plaintiffs recently appealed the Court's denial of their motion for reconsideration, the filing of an appeal does not affect the finality of the underlying judgment. Deposit Bank v. Board of Councilmen of City of Frankfort, 191 U.S. 499 (1903); SSIH Equipment S.A. v. United States Int'l Trade Comm'n, 718 F.2d 365, 370 (Fed. Cir. 1983) (holding that a final judgment retains its preclusive effect despite the pendency of an appeal).

plaintiffs' factual allegations as true, the complaint does not allege any facts demonstrating that any of the plaintiffs possess a ripe takings claim. Scheuer v. Rhodes, 416 U.S. 232, 236 (1974).

The only potential basis for plaintiffs' claims in this case is the bare allegation that "Plaintiffs' claims have since become ripe for adjudication, and are consequently now within the jurisdiction of this Court under the Tucker Act." Compl. at ¶ 102. Plaintiffs make this bald legal conclusion without alleging any facts explaining how plaintiffs' claims could have ripened in the time since this Court's April 1998 judgment in Greenbrier.

The likely reason for the absence of any factual support for this legal conclusion is simple: plaintiffs' claims cannot have ripened after 1998, because the statutory restrictions upon prepayment were lifted in 1996 by the Housing Opportunity Program Extension Act of 1996 ("HOPE Act"), Pub. L. No. 104-120, § 2, 110 Stat. 834 (March 28, 1996). See Greenbrier, 193 F.3d at 1353 (explaining that HOPE Act permitted mortgage prepayment without HUD's prior approval, provided that the owner not raise rents for 60 days following prepayment). In fact, plaintiffs' claims can never ripen, because the plaintiffs have been permitted to do exactly what they wished: to prepay. The HOPE Act withdrew HUD's regulatory jurisdiction and allowed an owner to prepay without seeking prior approval. As of March 28, 1996, plaintiffs were free to prepay without any prior approval from the Secretary. Because plaintiffs have been entitled to prepay their mortgages without HUD's prior approval since 1996, dismissal of plaintiffs' claims is appropriate. See Boise Cascade Corp. v. United States, 296 F.2d 1339, 1351 (Fed. Cir. 2002)

(holding that once the Government lifts the restriction alleged to be a taking, an owner's claim can never ripen because no final decision can be issued afterwards).[3]

In any event, given plaintiffs' failure to offer any factual support for plaintiffs' assertion that their claims have ripened, the Court should disregard this allegation in the complaint, because "legal conclusions, deduction, or opinions couched as factual allegations are not given a presumption of truthfulness." Rochman v. United States, 27 Fed. Cl. 162, 168 (1992) (citation omitted). Therefore, the Court should find that plaintiffs' complaint fails to state a claim upon which relief may be granted.

## CONCLUSION

For the foregoing reasons, we respectfully request that plaintiffs' complaint be dismissed.

Respectfully submitted,

PETER D. KEISLER
Assistant Attorney General

JEANNE E. DAVIDSON
Director

[3] Because the complaint fails to allege any facts explaining how plaintiffs' claims could have ripened in the time since this Court's April 1998 judgment, it is not clear whether other defenses apply to plaintiffs' claims. If, in their opposition to this motion or otherwise, plaintiffs seek to define their current allegations or allege new facts in support of their claims, we reserve the right to present any additional jurisdictional and merits-based defenses, as appropriate.

s/ Brian M. Simkin
BRIAN M. SIMKIN
Assistant Director

s/ Kenneth D. Woodrow
KENNETH D. WOODROW
Trial Attorney
Commercial Litigation Branch
Civil Division
Department of Justice
1100 L Street, N.W.
Attn: Classification Unit
8th Floor
Washington, D.C. 20530
Phone: (202) 353-0513
Fax: (202) 514-7976

April 23, 2007

Attorneys for Defendant

CERTIFICATE OF FILING

I hereby certify that on this 23rd day of April 2007, a copy of the foregoing "DEFENDANT'S MOTION TO DISMISS" was filed electronically. I understand that notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

s/ Kenneth D. Woodrow