**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

| | | |
|---|---|---|
| CARRIER ARMS APARTMENTS, LTD., et al., | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | No. 06-789C |
| v. | ) | (Judge Merow) |
| | ) | |
| UNITED STATES, | ) | |
| | ) | |
| Defendant. | ) | |

**DEFENDANT'S OPPOSITION TO**
**PLAINTIFFS' MOTION TO STAY PROCEEDINGS**

Defendant, the United States, respectfully submits the following opposition to plaintiffs' motion to stay proceedings, dated April 17, 2007. The Court should deny plaintiffs' motion because staying the case would not promote judicial economy when plaintiffs' claims in this case are barred by res judicata and the subject of a pending motion to dismiss.[1] Moreover, plaintiffs' claims in this case are more than 10 years old and the operative facts upon which they are based date back to the late 1960's and early 1970's. Delaying the case only increases the likelihood that critical witnesses and documents will become unavailable should the case come to trial. Finally, the Government would be prejudiced by the proposed stay because it would prevent the Court from ruling upon the Government's dispositive motion to dismiss, filed on April 23, 2007.

**ARGUMENT**

Granting a stay would not promote judicial economy because plaintiffs' claims are barred by res judicata and should be dismissed. See Defendant's Motion To Dismiss, dated April 23, 2007. Staying the case would simply delay the inevitable. The claims brought by plaintiffs in

[1] The Government filed a Motion To Dismiss on April 23, 2007. On that same day, plaintiffs filed an Amended Complaint seeking to add additional plaintiffs. We intend to file a supplemental motion to dismiss addressing the additional plaintiffs' claims.

this litigation are the same claims the plaintiffs brought in Greenbrier v. United States, 40 Fed. Cl. 680 (1998), aff'd, 193 F.3d 1348 (Fed. Cir. 1999). The plaintiffs acknowledge, in their April 17, 2007 Motion To Stay Proceedings, that "both Greenbrier and this case involve the same parties and essentially the same operative facts." Plaintiffs' Motion To Stay Proceedings, at 1. They further acknowledge that their complaint is "based on the same or similar claims" as their claims in the previous Greenbrier litigation. See Notice of Directly Related Cases, filed November 22, 2006. They also acknowledge that "the complaint in this action alleges the same operative facts and seeks the same relief as in Greenbrier." Mot. at 2. Because plaintiffs' claims here are the same ones they brought in Greenbrier, and because plaintiffs' claims in Greenbrier have been resolved upon the merits, there is no need to delay dismissal of plaintiffs' claims in this case. In fact, ruling upon the Government's motion to dismiss would promote the same interests in judicial economy cited by plaintiffs in support of their request for a stay. See Mot. at 4 (citing interest in avoiding litigating this case and Greenbrier upon a parallel track).

Plaintiffs' argument that the Federal Circuit's ruling in Greenbrier would "directly impact this case" is without merit. Mot. at 4. The filing of a motion for relief from judgment pursuant to RCFC 60(b)(6) does not disturb the finality of the Court's original judgment and does not alter its preclusive effect. See RCFC 60(b) (stating that "[a] motion under this subdivision (b) does not affect the finality of a judgment or suspend its operation."). The Court's April 1998 decision in Greenbrier, granting summary judgment for the Government and dismissing plaintiffs' claims upon the grounds of ripeness, is a final judgment for purposes of res judicata. See Shell Petroleum, Inc. v. U.S., 319 F.3d 1334, 1338 (Fed. Cir. 2003); see also Finch v. Hughes Aircraft Co., 926 F.2d 1574, 1577 (Fed. Cir. 1991) (holding that grant of summary judgment precluded

subsequent litigation of identical claims). Therefore, the Federal Circuit's ruling in Greenbrier would not "directly impact" this case because this Court's earlier ruling in Greenbrier already stands as a final judgment.

Similarly deficient is plaintiffs' contention that a stay will save the time and expense of litigating issues in this case that could be rendered moot if they prevail in the Greenbrier appeal. In the unlikely event that plaintiffs persuade the Federal Circuit that this Court abused its discretion in denying Rule 60(b) relief, the result will not be, as plaintiffs apparently assume, an automatic finding that all of the dozens of claims in the case are ripe. Rather, at most, relief will be granted from this Court's April 1998 judgment and the case will be remanded for further proceedings. Thus, regardless of whether plaintiffs pursue their claims in this case or in renewed proceedings in Greenbrier, plaintiffs will be required to demonstrate that their claims are ripe.

Consequently, no efficiencies will be gained by awaiting a decision in the Greenbrier appeal. Indeed, it is clear that plaintiffs seek a stay – not to serve any judicial economies – but, rather, to relieve them from having to confront their own multifarious positions on the issue of ripeness. According to plaintiffs, this case and Greenbrier essentially involve the same parties, the same operating facts, and the same takings claims. In Greenbrier, plaintiffs argued that their claims were ripe as of the filing of their complaints in 1996. In this case, however, plaintiffs appear to contend that these same claims ripened "subsequent to the year 2000". Mot. at 4. Simply put, plaintiffs cannot have it both ways. It is incumbent upon them to allege and prove how their claims could have possibly ripened subsequent to 2000 – i.e., years after the regulatory restrictions that form the basis of their takings claims were lifted. In any event, they should not

be permitted to use a stay of proceedings as a means to avoid reconciling their own conflicting positions on this threshold issue.

Moreover, plaintiffs' claims in this case are more than 10 years old. The Greenbrier complaint was filed on June 6, 1996, with two named plaintiffs, and the complaint was amended on August 21, 1996, to add seven more plaintiffs. The Carrier Arms complaint was filed on June 24, 1996, with 18 named plaintiffs. The Hobbs complaint was filed on July 19, 1996, with five named plaintiffs. The American River complaint was filed on October 31, 1996, with 29 named plaintiffs. The latter three cases were consolidated with Greenbrier by orders dated August 27, 1996, September 26, 1996, and November 22, 1996, respectively. Further delay would make it more difficult for both parties to effectively litigate plaintiffs' claims.

Many of the facts upon which plaintiffs' regulatory takings claims are based are more than 25 years old. Plaintiffs' initial investments in the HUD-subsidized housing programs were made in the late 1960's and early 1970's. The original individual investors in plaintiffs' properties are aging and may be unable to testify if the case is further delayed. Because the legal test for a regulatory taking, set forth in Penn Central Transportation Co. v. New York City, 438 U.S. 104 (1978), requires a claimant to provide evidence regarding the extent to which the regulation has interfered with each plaintiffs' distinct investment-backed expectations, further delay would only exacerbate the difficulties associated with discovering evidence regarding each of the Penn Central factors.

Finally, a stay would prejudice the Government because it would prevent the Court from ruling upon the Government's motion to dismiss. The Government's motion to dismiss, if granted, would dismiss plaintiffs' claims upon the merits pursuant to Rule 12(b)(6) of the Rules

of the Court of Federal Claims. See Defendant's Motion To Dismiss, dated April 23, 2007. Because plaintiffs' complaint fails to state a claim as a matter of law, there is no reason to delay adjudication.

**CONCLUSION**

For the foregoing reasons, we respectfully request that plaintiffs' motion to stay proceedings be denied.

Respectfully submitted,

PETER D. KEISLER
Assistant Attorney General

JEANNE E. DAVIDSON
Director

s/ Brian M. Simkin
BRIAN M. SIMKIN
Assistant Director

s/ Kenneth D. Woodrow
KENNETH D. WOODROW
Trial Attorney
Commercial Litigation Branch
Civil Division
Department of Justice
1100 L Street, N.W.
Attn: Classification Unit
8th Floor
Washington, D.C. 20530
Phone: (202) 353-0513
Fax: (202) 514-7976

May 4, 2007 Attorneys for Defendant

CERTIFICATE OF FILING

I hereby certify that on this 4th day of May 2007, a copy of the foregoing "DEFENDANT'S OPPOSITION TO PLAINTIFFS' MOTION TO STAY PROCEEDINGS" was filed electronically. I understand that notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

s/ Kenneth D. Woodrow