**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

| | | |
|---|---|---|
| CARRIER ARMS APARTMENTS, LTD., et al., | ) | |
| Plaintiffs, | ) | |
| | ) | No. 06-789C |
| v. | ) | (Judge Merow) |
| | ) | |
| UNITED STATES, | ) | |
| Defendant. | ) | |

**DEFENDANT'S MOTION TO DISMISS PLAINTIFFS' FIRST AMENDED COMPLAINT FOR JUST COMPENSATION**

Pursuant to Rule 12(b)(6) of the Rules of the United States Court of Federal Claims ("RCFC"), defendant, the United States, respectfully requests that the Court dismiss Plaintiffs' First Amended Complaint For Just Compensation, filed April 23, 2007, for failure to state a claim upon which relief may be granted.

On April 23, 2007, pursuant to RCFC 12(b)(6) and the Court's March 22, 2007 Order, the Government filed a motion to dismiss plaintiff's regulatory takings claims. On that same day, plaintiffs filed an amended complaint adding 25 additional plaintiffs to their original complaint. Pursuant to RCFC 15(b), the Government responds to the amended complaint with this motion to dismiss.

**ARGUMENT**

Plaintiffs' first amended complaint seeks to add an additional 25 plaintiffs to its original complaint, filed on November 22, 2006, bringing the total number of plaintiffs to 110. Plaintiffs represent that each of these additional plaintiffs was a party to the Greenbrier litigation. Greenbrier v. United States, 40 Fed. Cl. 680 (1998), aff'd, 193 F.3d 1348 (Fed. Cir. 1999); see

First Amended Complaint, ¶ 127.[1] Aside from the factual allegations identifying each of the additional plaintiffs, set forth in paragraphs 86 through 111, plaintiffs' first amended complaint is identical in all other respects to its original complaint. It raises no new or different claims and alleges no new or different facts. Therefore, the Government's arguments in its April 23, 2007 Motion to Dismiss, which we do not repeat here but, rather, incorporate by reference, apply equally to the claims set forth in plaintiffs' first amended complaint.

Plaintiffs' claims in its first amended complaint are the same claims that they asserted (or could have asserted) in Greenbrier and, thus, are barred by the doctrine of res judicata. Moreover, to the extent that plaintiffs attempt to rely upon new developments occurring "since" the 1998 final judgment in Greenbrier, the first amended complaint fails to state claims upon which relief can be granted because plaintiffs have not and cannot plead facts supporting how their takings claims could have ripened since the Court's holding in Greenbrier. Once the prepayment regulations were lifted, a temporary takings claim could not ripen because, as a matter of law, the restrictions were no longer effective. Therefore, the Court should find that plaintiffs' first amended complaint fails to state a claim upon which relief may be granted and should dismiss plaintiffs first amended complaint.

---

[1] We have not verified, and do not admit, that all of the 25 newly-added plaintiffs were parties to the original Greenbrier litigation. For purposes of this motion to dismiss, we accept as true plaintiffs' representation that each of the newly-added plaintiffs was a party to the original Greenbrier litigation. Perez v. United States, 156 F.3d 1366, 1370 (Fed. Cir. 1998) (accepting factual allegations as true in adjudication of RCFC 12(b)(6) motion). Should plaintiffs' allegations regarding the newly-added plaintiffs change, or prove to be incorrect, we reserve the right to present any additional jurisdictional or merits-based defenses to the claims of the newly-added plaintiffs, as appropriate.

**CONCLUSION**

For the foregoing reasons, we respectfully request that plaintiffs' first amended complaint be dismissed.

Respectfully submitted,

PETER D. KEISLER
Assistant Attorney General

JEANNE E. DAVIDSON
Director

s/ Brian M. Simkin
BRIAN M. SIMKIN
Assistant Director

s/ Kenneth D. Woodrow
KENNETH D. WOODROW
Trial Attorney
Commercial Litigation Branch
Civil Division
Department of Justice
1100 L Street, N.W.
Attn: Classification Unit
8th Floor
Washington, D.C. 20530
Phone: (202) 353-0513
Fax: (202) 514-7976

May 10, 2007

Attorneys for Defendant

CERTIFICATE OF FILING

I hereby certify that on this 10th day of May 2007, a copy of the foregoing "DEFENDANT'S MOTION TO DISMISS PLAINTIFFS' FIRST AMENDED COMPLAINT FOR JUST COMPENSATION" was filed electronically. I understand that notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

s/ Kenneth D. Woodrow