IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| CARRIER ARMS APARTMENTS, LTD., et al. | ) | |
| Plaintiffs, | ) | |
| v. | ) | No. 06-789<br>Hon. James F. Merow |
| UNITED STATES, | ) | |
| Defendant. | ) | |

**PLAINTIFFS' REPLY TO DEFENDANT'S OPPOSITION TO PLAINTIFFS' MOTION TO STAY PROCEEDINGS**

Plaintiffs, Carrier Arms Apartments, Ltd., et al., respectfully submit this reply to the Opposition to Plaintiffs' Motion to Stay Proceedings filed by Defendant, the United States. Plaintiffs' initial Motion requested the Court to stay these proceedings in the interests of judicial economy pending the disposition of Plaintiffs' appeal in the directly-related case, *Greenbrier v. United States*, No. 2007-5100 (Fed. Cir.). Plaintiffs filed their appeal on April 3, 2007; their opening brief is due June 18, 2007.

In its Opposition, Defendant argues that the proposed stay will not promote judicial economy. Defendant also contends that the Court should deny Plaintiffs' Motion because the claims in this case are barred by the doctrine of res judicata and are the subject of Defendant's pending Motion to Dismiss. Defendant further argues that staying this case would increase the likelihood that critical witnesses and documents will become unavailable should the case come to trial. Finally, Defendant argues that the Government would be prejudiced because the proposed stay would prevent the Court from ruling upon Defendant's Motion to Dismiss. As discussed below, each of these arguments is without merit and provides no legitimate basis for denying the requested stay.

## ARGUMENT

### I. Plaintiffs' Position In These Proceedings Has Been Reasonable And Consistent

Defendant argues that the requested stay would serve only to "relieve [Plaintiffs] from having to confront their own multifarious positions on the issue of ripeness." Opp. at 3. This is a complete mischaracterization of Plaintiffs' position. Plaintiffs have maintained throughout these proceedings either that: (1) their claims were ripe when this Court issued its original *Greenbrier* decision, (in which event the Federal Circuit should rule in Plaintiffs' favor upon appeal); or, (2) if the original *Greenbrier* decision was correct, then Plaintiffs' claims ripened since that decision and are properly asserted in this action.

At the time Plaintiffs filed their complaint in *Greenbrier,* they believed that their claims were ripe for review by this Court. Plaintiffs continue to believe in the ripeness of their claims; thus the appeal in *Greenbrier.* However, because of this Court's dismissal of the claims upon ripeness grounds, Plaintiffs were placed in a position where they were forced to litigate two positions – by defending the ripeness of their claims in *Greenbrier* and by protecting their claims against the running of the statute of limitations by filing this litigation. Plaintiffs' approach is based upon alternative positions taken in response to this Court's *Greenbrier* decision and does not, as Defendant contends, constitute "multifarious positions." In this respect, Plaintiffs' approach is no different than pleading alternative claims and seeking alternative forms of relief, both of which are specifically allowed by the rules of pleading. Thus, contrary to Defendant's argument, Plaintiffs' position is not an improper attempt to "have it both ways." Rather, Plaintiffs' position is an entirely permissible attempt to address the consequences of this Court's decision in *Greenbrier*.

Defendant further argues against the proposed stay by claiming that Plaintiffs must demonstrate how their claims in this case ripened subsequent to the year 2000. Opp. at 3. Although this argument appears to address the merits of Defendant's motion to dismiss rather than the appropriateness of the proposed stay, it must be noted that it fails to recognize the impact that a favorable ruling in *Greenbrier* would have upon these proceedings. As noted in Plaintiffs' Motion to Stay, if the appeal in *Greenbrier* is resolved in favor of Plaintiffs, then this case is likely moot, and the issue regarding the ripening of Plaintiffs' claims after the year 2000 is irrelevant. *See* Mot. at 4.

In addition, Defendant's argument fails to consider the following dilemma: If Plaintiffs' claims are not ripe for purposes of this case, what must occur to ripen those claims? In *Greenbrier*, this Court ruled that Plaintiffs failed to allege that they complied with the required HUD process for the prepayment of their mortgages and to allege that they received a final decision from HUD as part of that process. This Court ruled, therefore, that Plaintiffs' claims did not satisfy the requirements of the ripeness doctrine. *See, e.g., United States v. Riverside Bayview Homes*, 474 U.S. 121, 126-27 (1985). The HUD process, of course, was later deemed by the Federal Circuit to be "administratively futile" in *Cienega Gardens v. United States*, 162 F.3d 1123 (Fed. Cir. 1998). This created the legal basis for the ripening of Plaintiffs' claims for purposes of this case, assuming that *Greenbrier* was correctly decided and Plaintiffs' claims had not yet ripened. If *Greenbrier* is to be reconciled with *Cienega Gardens*, then there is nothing left for the Plaintiffs to do to make their claims ripe for judicial review.

## II. Contrary To Defendant's Arguments, Staying These Proceedings Is In The Interests Of Judicial Economy

Defendant also argues that no efficiencies will be gained in this case by awaiting a decision in the *Greenbrier* appeal. Opp. at 3. This argument fails for several reasons.

First, Defendant improperly presumes that the Federal Circuit will affirm this Court's decision in *Greenbrier*. Such a presumption is completely unwarranted, however, given the circumstances of that case. This Court's dismissal in *Greenbrier* of Plaintiffs' claims for lack of ripeness directly contravenes a subsequent string of decisions, involving identical facts and identical claims, in which this Court and the Federal Circuit allowed similarly situated plaintiffs to pursue their takings claims. *See, e.g., Cienega Gardens v. United States*, 265 F.3d 1237 (Fed. Cir. 2001). In addition, this Court's refusal to reconsider its dismissal of Plaintiffs' claims, upon the grounds that Plaintiffs failed to present individualized evidence of administrative futility, failed to acknowledge that, in the context of Defendant's Rule 12 motion to dismiss, Plaintiffs were never given an adequate opportunity to present such evidence. This Court's decision in *Greenbrier* thus has wrongly left Plaintiffs without a remedy for the Government's regulatory taking.

The cases subsequent to this Court's *Greenbrier* decision uniformly support the conclusion that, because of administrative futility, the *Greenbrier* Plaintiffs' claims were ripe at the time they were filed. To presume that there is no chance that the Federal Circuit will, in the face of the above facts, reverse or remand this Court's *Greenbrier* decision is completely unwarranted. Such a presumption is all the more untenable in view of the fact that the parties have yet to even file their briefs in the *Greenbrier* appeal.

In addition, Defendant's presumption that it will prevail in the *Greenbrier* appeal ignores the problematic consequences that could befall this litigation if it is allowed to proceed and the Federal Circuit issues a decision favorable to Plaintiffs. In the event the Federal Circuit issues a decision favorable to Plaintiffs, one of two scenarios would result. The first scenario would involve the Court's not granting Defendant's Motion to Dismiss, and allowing the case to

proceed with discovery. In this scenario, a decision by the Federal Circuit in favor Plaintiffs would render useless all of the parties' discovery efforts, which by that time will likely include depositions, because they would be irrelevant to *Greenbrier*.

The second scenario would involve this Court's granting Defendant's Motion to Dismiss upon the basis of the res judicata effect of its decision in *Greenbrier*. In this scenario, a decision by the Federal Circuit in favor of Plaintiffs would require this Court to re-open this litigation because *Greenbrier* would no longer constitute res judicata for purposes of this case. Given these potential outcomes, it makes little sense for the parties to engage in the expense and effort of litigating these proceedings until the Federal Circuit has resolved the *Greenbrier* appeal.

In this connection, Defendant's reliance upon the doctrine of res judicata is misplaced. Opp. at 1-2. Specifically, Defendant argues that this Court's *Greenbrier* decision, which dismissed Plaintiffs' claims upon the grounds of ripeness, is a final judgment for purposes of res judicata. Opp. at 2. Defendant concludes that, because this Court's earlier ruling in *Greenbrier* already stands as a final judgment, the Federal Circuit's ruling in *Greenbrier* will have no direct impact upon this case. This argument is meritless.

It is obvious that this Court's *Greenbrier* ruling would no longer stand as a "final judgment" in the event the Federal Circuit ruled in favor of Plaintiffs. In that event, any preclusive effect that this Court's ruling in *Greenbrier* may have upon this case would be suspended. This would render Defendant's motion to dismiss moot if that motion remained pending at the time of the appellate decision. Alternatively, if this Court had granted the Motion to Dismiss, that ruling would be incorrect and would require a reversal. As a result, Defendant's res judicata rationale is without merit.

Simply put, no one, including Defendant, can predict with absolute certainty the result in the *Greenbrier* appeal. In view of the adverse consequences that would result from a reversal or remand of this Court's *Greenbrier* decision if this litigation is allowed to proceed, the more efficient and prudent course of action is to allow the appeal to proceed to final resolution before proceeding with this case.

**III. Defendant Will Not Be Prejudiced By The Proposed Stay**

Defendant's additional arguments against the proposed stay of proceedings are equally unavailing. Defendant argues that, because the claims in this case are more than 10 years old, further delay would make it more difficult for both parties to effectively litigate Plaintiffs' claims. Opp. at 4. In particular, Defendant contends that the individual investors in Plaintiffs' properties are aging and may be unable to testify if the case is further delayed. *Id.* Defendant predicts that this will exacerbate the difficulties associated with discovering evidence regarding each Plaintiff's reasonable, investment-backed expectations. *Id. (citing Penn Central Transp. Co. v. New York City*, 438 U.S. 104 (1978)).

This argument fails for several reasons. First, beyond general conjecture, Defendant does not identify a single witness who may be unable to testify if the stay is imposed. In this respect, Defendant's argument does not account for the proper role of testimony from property owners in ELIHPA/LIHPRHA takings cases. *See Chancellor Manor v. United States*, 331 F.3d 891, 904 (Fed. Cir. 2003) (in the context of ELIHPA and LIHPRHA's effect on reasonable investment-backed expectations, "[t]he critical question is what a reasonable owner in the [Plaintiffs'] position should have anticipated.") (citing *Commonwealth Edison Co. v. United States*, 271 F.3d 1327, 1348 (Fed. Cir. 2001) (en banc)); *see also Chancellor Manor*, 331 F.3d at 904 ("The subjective expectations of the [owners] are irrelevant."). Similarly, Defendant fails to describe

with any particularity the documents or evidence that may become unavailable if the proposed stay is granted. As a result, Defendant's arguments regarding the impact of the proposed stay upon the witnesses and evidence in this case are not a legitimate basis for denying the requested stay.

In addition, Defendant's argument regarding the effect of any delay upon this litigation is undermined by the fact that similar ELIHPA and LIHPRHA cases are pending before this Court and the Federal Circuit. *See, e.g., Anaheim Gardens v. United States*, No. 93-655 (Fed. Cl.) (filed Oct. 25, 1993) (discovery scheduled to close Aug. 31, 2007); *Algonquin Heights v. United States*, No. 97-582 (Fed. Cl.) ( filed Aug. 27, 1997) (discovery scheduled to close on Aug. 31, 2007); *Royal Manor v. United States*, No. 98-778 (Fed. Cl.) (filed Oct. 7, 1998) (stayed pending the conclusion of appellate proceedings in related action); *City Line Joint Venture v. United States*, No. 2006-5102 (Fed. Cir.) (filed July 21, 2006) (currently on appeal before the Federal Circuit); *CCA Associates v. United States*, No. 2007-5094 (Fed. Cir.) (filed March 30, 2007) (currently on appeal before the Federal Circuit). These cases, some of which are still in the midst of discovery, are being litigated despite the time that has elapsed since their filing. Thus, Defendant's arguments concerning the "age" of Plaintiffs' claims, and the delay that would be occasioned by the proposed stay, are of no consequence.[1]

Finally, there is no merit to Defendant's assertion that it will be prejudiced by the granting of a stay because it would prevent the Court from ruling upon the Government's Motion to Dismiss. Opp. at 4. The proposed stay will only delay the litigation of this case until the Federal Circuit resolves the *Greenbrier* appeal. This delay will not prevent the Court from ruling upon Defendant's Motion to Dismiss in the event the Federal Circuit rules against Plaintiffs in

[1] Defendant's argument also does not comport with its requests for enlargement, totaling ninety days, of the deadline to file its response to Plaintiffs' complaint.

*Greenbrier*. Moreover, during the stay, Defendant will suffer no loss of resources or other disadvantage; indeed, Defendant does not contend otherwise. In contrast, if the stay is not granted, Plaintiffs will be prejudiced by being obliged to litigate a matter that could be mooted by a favorable ruling from the Federal Circuit in *Greenbrier*.

**CONCLUSION**

For the foregoing reasons and those asserted in Plaintiffs' Motion to Stay, this case should be stayed pending the disposition of the appeal in *Greenbrier* in the interests of "economy of time and effort for [the Court], for counsel, and for [the] litigants." *Landis v. North American Co.*, 299 U.S. 248, 254 (1936).

Respectfully submitted,

s/ Roger J. Marzulla
Roger J. Marzulla
Nancie G. Marzulla
Gregory T. Jaeger
MARZULLA & MARZULLA
1350 Connecticut Ave., N.W.
Suite 410
Washington, DC 20036
202-822-6760
202-882-6774 (fax)

Dated: May 18, 2007

Counsel for Plaintiffs